505 A.2d 1368

Overlook Medical Clinic, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 4, 1986, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Edward A. Gamble, Gamble, Verterano, Mojock, Piccione & Green,* for petitioner.

*Bruce G. Baron,* Assistant Counsel, for respondent.

OPINION BY JUDGE PALLADINO, March 10, 1986:

Petitioner, Overlook Medical Clinic, Inc., has appealed from an order of the Department of Public Welfare (Department) concerning the final audit of Petitioner, which denied Petitioner an extension of time to file its Final Cost Report as part of the audit. We reverse.

Petitioner operated nursing home facilities which participated in the Medical Assistance program administered by the Department. Effective April 12, 1983, these facilities were sold, triggering a requirement that Petitioner file a final cost report within thirty (30) days. By letter dated May 3, 1983, Petitioner requested an extension from the Department for filing the final cost report, for several enumerated reasons.[1] The Department denied the extension by letter dated May 11, 1983, which stated that the regu-

---

[1] The reasons given by Petitioner in support of its request for an extension were:

1. We are still paying vendor's invoices for Overlook Medical Clinic, Inc.

2. We cannot accomplish a meaningful preliminary closing of our books at this time.

3. Our independent accountants cannot carry out their engagement until such time as we can close our books.

4. For the same reasons we cannot start our Medicare cost report, a copy of which must be furnished to you.

lations do not authorize extensions. The Department prepared the final audit and settlement of Petitioner's account without the final cost report. Petitioner filed its final cost report on June 9, 1983.

Petitioner appealed from the final audit, arguing that the Department arbitrarily denied it the extension, because extensions for filing final cost reports had been granted to other parties under the same regulations. The opinion of the hearing examiner, adopted by the Department, stated that the grant of the other extensions was ''an aberration, a blip, an error on the part of the Department.'' Because the regulations do not provide specifically for the allowance of an extension, the Department concluded that none is permitted.

Petitioner has presented two issues in this appeal: 1) that the regulations may be read to allow extensions, or in the alternative, that the Department has the power to grant extensions without a specific grant of such authority in the regulations; and 2) that, having granted extensions to other parties, the Department is estopped from changing its mind on the availability of extensions under the language of the regulations.

We agree with Petitioner that the Department has the inherent authority to grant extensions where cause is shown, as in the instant case. The Department has promulgated regulations allowing the grant of extensions for the filing of annual cost reports. 55 Pa. Code §1181.91.[2] It possesses, therefore, the

---

5. Medicare allows a 45 day period, but in view of the above same reasons, and the very complex nature of our reports, it appears that we will not be able to meet the Medicare date either.

[2] This section provides:

§1181.91. Failure to file a cost report.

(a) Failure to file a cost report, when due, *unless an extension of time is requested by the facility within the*

ability and authority to do so for final cost reports. The fact that such extensions have been granted in the past further supports this proposition. The order of the Department denying the extension is, therefore, arbitrary and capricious, and must be reversed. Because Petitioner has shown ample reason for its need of the extension, the Department should have granted the extension. Petitioner's cost reports, therefore, shall be included in the final audit.

The decision of the Department is reversed and the matter is remanded for the preparation of Petitioner's final audit with the inclusion of Petitioner's final cost report as submitted on June 9, 1983.

## ORDER

AND Now, March 10, 1986, the order of the Department of Public Welfare at File Nos. 23-83-381, 382; 23-83-140, 23-84-32, dated October 15, 1984, is reversed, and the matter is remanded for proceedings in accordance with the foregoing opinion.

---

*90-day period specified in §1181.64 (relating to cost reporting) and subsequently granted by the Department,* may result in termination of the Provider Agreement.

(b) When a facility has failed to file a cost report or other required information for a period of 180 days after the close of each fiscal year, the Department will notify the facility of this failure by certified mail, return receipt requested. Thirty days following this notice, the Department will terminate the Medical Assistance Provider Agreement, unless the failure to file is corrected within the 30-day period. (Emphasis added.)