507 A.2d 1292

Gus Romagni, Stanley Gottsegen, and Lawrence Tucker, successors-in-interest to Western Reserve Convalescent Home of Erie, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare and The State Treasurer of The Commonwealth of Pennsylvania, Respondents.

Argued March 11, 1986, before Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Benjamin B. Wechsler, II,* for petitioners.

*William D. Lenahan,* for respondents.

OPINION BY JUDGE MACPHAIL, April 21, 1986:

Gus Romagni, Stanley Gottsegen, and Lawrence Tucker, successors-in-interest to the Western Reserve Convalescent Home of Erie (Petitioner) appeal from an order of the Department of Public Welfare (DPW) which held that Petitioner did not file a timely final cost report and that DPW properly determined Petitioner's final cost settlement. We reverse and remand.

Petitioner, a participant in the Medical Assistance Program administered by DPW, changed ownership effective January 1, 1983. This change of ownership required a final cost report to be filed within thirty days. 55 Pa. Code §1181.73(a). By letter dated January 28, 1983, Petitioner requested an extension for filing their MA-11 Cost Report until March 31, 1983, stating that the Commonwealth's final closing statements and additional accounting information necessary to prepare an accurate report were not yet available. A second request

dated March 31, 1983 requested an extension until April 30, 1983, stating that additional accounting procedures were necessary to prepare an accurate report. DPW did not respond to either request. Petitioner filed its final cost report on April 29, 1983.

DPW returned the MA-11 filed by Petitioner on May 23, 1983 for Petitioner to make various corrections.[1] On June 27, 1983, Petitioner submitted a corrected MA-11 report. By letter dated November 28,

---

[1] The letter stated in its entirety:

We are returning the Financial and Statistical Report, Form Ma-11, filed by Western Reserve Convalescent Home of Erie, Pennsylvania, for the fiscal year ended [sic] December 31, 1982.

Please use the most current MA number on the Certification Page and all other schedules where applicable.

On Schedule F, the amount in line 5 should be the same as the amount on line 12 of the depreciation limitation section.

*Question 11(a) on Schedule I needs to be answered.*

On *Schedule J*, please provide the *number of hours along* with the *percentages in column D*. Also, on this schedule, the *social security numbers* are required for each person listed in column B.

*Column G* on *Schedule K* must be completed with a percentage for *each* owner listed in column E.

An improperly prepared or an incomplete report is not considered as being filed. Based on a preliminary review for acceptability, your cost report in its present form is unacceptable. Please correct the items listed and thoroughly review the report before submitting. In this way, the possibility of errors being uncovered during the more intensive desk analysis will be diminished and the report's chances of acceptability greatly enhanced. If you have any other questions, please contact this office.

Sincerely,
[/s/]
Richard H. Lee
Director
Bureau of Reimbursement Methods

1983, DPW notified Petitioner that its cost report for the fiscal period ending December 31, 1982 had been audited by the Division of Nursing Home Audits. DPW refused to consider Petitioner's final cost report, contending that it had been untimely filed under 55 Pa. Code §1181.73(a). Therefore, instead of using Petitioner's MA-11, DPW calculated Petitioner's final settlement based on the last final per diem rate for which DPW had audited costs for Petitioner. 55 Pa. Code §1181.73(b).

Petitioner timely appealed the results of the audit to the Office of Hearings and Appeals (OHA). A fair hearing was held on May 17, 1984.

The Attorney Examiner found the following pertinent facts:

4. The facility [(Petitioner)] made extension requests on January 28, 1983 and March 31, 1983. (Exhibits A-1 and A-2).

5. Neither of the facility's extension requests mentions that the extension is requested for the filing of a *final* cost report. (Exhibits A-1, A-2 and C-4).

6. The Department did not receive a copy of the facility's 1/23/83 extension request but did receive (on 4/6/83) a copy of the facility's 3/31/83 extension request. (Tr. pp. 19-21).

7. The Department did not grant either extension request the facility purports to have submitted to the Department for the filing of a final cost report. (Tr. pp. 21).

8. It is not the policy of the Bureau of Reimbursement Methods to grant extensions for filing of *final* cost reports, although it is the Bureau's policy to grant extensions for filing of *annual* cost reports. (Tr. pp. 23-24 and 32-33).

....

13. The Department's regulations governing the filing of *final* cost reports specifically do not allow for extensions of the thirty (30) day period for required filing of *final* cost reports, but instead provide· a method for *final* cost settlement when such reports are not filed. (55 Pa. Code Section 1181.73 and Manual Section *V-C-Final Report*. 8 Pa. B. 2826, 2838).

14. The Department's regulations governing the filing of *annual* cost reports do allow for extensions to be requested and granted prior to the end of the ninety (90) days *annual* cost report filing period. (Manual *V-A-Annual Reporting* 10 Pa. B. 3106, 3107).

. . . .

16. The required MA-11 report was submitted on April 29, 1983, prior to termination of the last requested extension. (Exhibit A-3). Upon receipt of said cost report, the Department reviewed it and returned it to Petitioner for additional information. (Exhibit C-5).

17. Returning the cost report for additional information was subsequently claimed [by DPW] to have been done in error. (Tr. p. 24).

(Adjudication dated November 14, 1984, at 2-3). The Attorney Examiner held that since the final cost form was not filed until May 4, 1983 and no extensions had been or could have been granted by DPW, the Petitioner simply did not file a final cost report within thirty (30) days of the effective sale of the facility as required by DPW's regulations. The examiner then held that DPW properly determined Petitioner's final cost settlement pursuant to 55 Pa. Code 1181.73(b). He further held that DPW acted properly in denying the extension requests, even though the denial took the part of inaction by DPW, because the regulations do not specifical-

ly provide for the allowance of an extension. He concluded that DPW does not have the authority to grant extensions of time for the filing of final cost reports. The OHA adopted the Attorney Examiner's adjudication in its entirety, and the instant appeal followed.

Our scope of review is limited to determining whether DPW's adjudication is in violation of constitutional rights, is not in accordance with law or is in violation of the agency's regulations or procedures, and whether substantial evidence supports the findings of fact. *Montgomery County Geriatric and Rehabilitation Center v. Department of Public Welfare,* 75 Pa. Commonwealth Ct. 248, 462 A.2d 325 (1983).

The main thrust of Petitioner's argument on appeal is that DPW *does* have the authority to grant extensions to the filing of a final cost report (and that the extensions should have been granted); DPW argues, of course, that it does not. This Court has recently decided this precise issue in Petitioner's favor. In *Overlook Medical Clinic, Inc. v. Department of Public Welfare,* 95 Pa. Commonwealth Ct. 536, 538, 505 A.2d 1368, 1369 (1986), we held that DPW possesses the authority to grant extensions for the filing of final cost reports, reasoning that this power is inherent in DPW's authority to grant extensions for the filing of annual cost reports. *See* 55 Pa. Code §1181.91. We determined that because the facility therein had shown ample reason for its need of the extension, DPW should have granted that facility's request. Likewise, because Petitioner in the instant matter has shown sufficient need for the extension, DPW should have granted the necessary extensions. We will therefore remand for consideration of Petitioner's final cost report in the final audit.[2]

_____

[2] We believe that *Michael Manor, Inc. v. Department of Public Welfare,* 88 Pa. Commonwealth Ct. 583, 490 A.2d 957 (1985)

## ORDER

The order of the Department of Public Welfare at File No. 23-83-378, dated November 16, 1984, is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

———

is inapposite. In *Michael Manor, Inc.,* we held that 55 Pa. Code §1181.73(b) requires DPW to use the previous year's rates in its final audit where a final cost report is not submitted within thirty (30) days after the effective date of the termination or transfer. In *Michael Manor, Inc.,* we were not presented with the issue, as here, of whether an extension request from the provisions of Section 1181.73(a) could be granted. Nor do we believe that Petitioner's failure to label its MA-11 as "final" is fatal to its position.