544 A.2d 935

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Appellant,**

**v.**

**OVERLOOK MEDICAL CLINIC, INC., Appellee.**

Supreme Court of Pennsylvania.

Argued May 11, 1988.

Decided July 27, 1988.

---

**1.** Act of April 12, P.L. 90, art. IV § 471, *as amended* 47 P.S. § 4–471.

508

Bruce G. Baron, Asst. Counsel, Harrisburg, for appellant.

Edward A. Gamble, Allen L. Palmer, New Castle, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

The issue which we must address in this case is whether the Commonwealth Court acted within the proper bounds of their authority to review decisions of administrative agencies when they ordered Appellant herein, the Department of Public Welfare (DPW), to grant an extension of time where that agency had concluded that its own rules and regulations prohibited an extension. For the reasons set forth below, we have determined that the decision of the Commonwealth Court, 95 Pa.Cmwlth. 536, 505 A.2d 1368 (1986), must be affirmed.

The facts are as follows. Appellee, Overlook Medical Clinic, Inc., was a nursing home facility that participated as a provider in the Pennsylvania Medical Assistance Program. The nursing home was sold, effective April 11, 1983 (R. 2a, 29a). On May 3, 1983, Overlook requested an extension of time to file its final cost report, which, pursuant to 55 Pa. Code § 1181.73(a),[1] was then due on May 11, 1983 (R. 2a, 32a). When it requested an extension, Overlook was cognizant of the fact that previously extensions had been granted to two other facilities (R. 32a–33a). Overlook's request for an extension of time did not specify the amount of time it would need, but suggested that more than 45 days was necessary.

By letter dated May 11, 1983, Overlook's request for an extension of time to file its final cost report was denied by the Director of Reimbursement Methods, DPW (R. 4a). Overlook sent in a final cost report on June 9, 1983; *i.e.*, 29 days late and 59 days after the date of sale (R. 42a). DPW deemed this final report late and "settled" Overlook's costs without regard to the final cost report under authority of 55

---

1. 55 Pa. Code § 1181.73(a) provides as follows:
1181.73. Final Reporting Period
(a) A facility that enters into a termination agreement or agreement of sale is required to file a cost report with the Department within thirty (30) days after the effective date of the termination or transfer, and is required to provide financial records to the Department for auditing.

Pa. Code § 1181.73(b)[2] (R. 16a, 23a, 29a). The settlement was issued on January 5, 1984, and indicated that Overlook had been overpaid some $10,146.60, which it was obligated to reimburse to DPW. Based on Overlook's letter of appeal to DPW dated February 1, 1984 (R. 5a–8a), Overlook apparently argued that if the data in its final report had been taken into account, it would have been entitled to a substantial final reimbursement, although no firm figure is set forth.

Overlook did not file a direct administrative appeal from the initial letter of denial of the extension (R. 43a).[3] However, Overlook did file a timely administrative appeal with respect to the settlement (R. 5a–8a), in which it naturally sought to challenge the detrimental effect of the denial of the extension.

A hearing was held on Overlook's appeal on June 21, 1984, before a DPW hearing officer (R. 18a–52a). Upon the recommendations of the hearing officer, DPW's Office of Hearings and Appeals determined that Overlook's final cost report was untimely and that the settlement correctly applied 55 Pa. Code § 1181.73. The hearing officer's recommendation adopted by the Office of Hearings and Appeals specifically stated that DPW regulations do not make any provision for extensions for filing final cost reports (R. 12a, Finding of Fact No. 3), even though two such extensions had been granted to others in the past. It was concluded that such past errors did not estop DPW from literally applying 55 Pa. Code § 1181.73 in this case. DPW's Office

2. 55 Pa. Code § 1181.73(b) provides as follows:
   (b) When a Final Cost Report is not submitted the Department will make final cost settlement for the fiscal year at the last fiscal per diem rate for which the Department has audited costs for that facility, provided that the rate established will not exceed the maximum per diem rate ceiling in effect when the facility was last audited.

3. While under 1 Pa. Code § 35.20, Overlook had a right to appeal the initial denial of an extension immediately, it was not obligated to do so. Like most discovery orders, the denial was not "final" as to Overlook, it did not put Overlook "out of court" as it were, and hence was interlocutory in nature. Compare, *Smock v. Commonwealth*, 496 Pa. 204, 206, 436 A.2d 615 (1981).

of Hearings and Appeals denied Overlook's appeal on October 15, 1984. On May 9, 1985, Overlook's request for reconsideration was denied by DPW.

On appeal, the Commonwealth Court reversed DPW's order. That Court reasoned, *that* DPW had "the inherent authority" to grant extensions where good cause is shown; *that* because DPW has regulations allowing the grant of extensions for filing *annual* cost reports,[4] it possessed the ability and authority to do so for final cost reports; *that* this conclusion was supported by the fact that DPW had granted such extensions in the past; and *that* the DPW order denying the extension was, therefore, arbitrary and capricious, particularly because Overlook had shown ample reason for its need for the extension.

We granted DPW's petition for allowance of appeal because we were concerned over the contention that the Commonwealth Court improperly attempted to exercise here a power (which they do not possess) to create a rule or regulation for an administrative agency. Indeed, there is language in the Commonwealth Court's opinion from which some might draw the unfortunate and erroneous conclusion that the Commonwealth Court has such power. DPW also argues that the consequence of the Commonwealth Court opinion in this case is that an administrative agency may be compelled to grant relief merely because it has the inherent power to do so; and that the Commonwealth Court, in any event, does not have the power to usurp DPW's rule-making authority. Upon a careful review of the record, we have concluded that the Commonwealth Court's decision in this matter must be affirmed. Our reasons are as follows.

■ DPW regulations (specifically 55 Pa. Code § 1181.73, set forth at nn. 1 and 2, *supra*) make no provision for the granting of an extension of time to file a final cost report. They do not prohibit the grant of an extension either. They are silent on the subject. The regulations governing all administrative agencies in the Commonwealth must also be consulted at this juncture. (Unfortunately, the Common-

4. 55 Pa. Code § 1181.91.

wealth Court did not make reference to the regulations). 1 Pa. Code § 31.15 provides:

Extensions of time.

(a) Extensions of time shall be governed by the following:

(1) Except as otherwise provided by law, whenever by these rules or by any regulation or order of an agency, or any notice given thereunder, an act is required or allowed to be done at or within a specified time, the time fixed or the period of time prescribed may, by the agency head or the presiding officer, for good cause be extended upon motion made before expiration of the period originally prescribed or as previously extended; and upon motion made after the expiration of the specified period, the act may be permitted to be done where reasonable grounds are shown for the failure to act.

(2) Requests for the extension of time in which to file briefs shall be filed at least five days before the time fixed for filing such briefs.

(b) Except as otherwise provided by law, requests for continuance of hearings or for extension of time in which to perform any act required or allowed to be done at or within a specified time by these rules or any regulation or order of an agency, shall be by motion in writing, timely filed with the agency, stating the facts on which the application rests, except that during the course of a hearing in a proceeding, such requests may be made by oral motion in the hearing before the agency head or the presiding officer.

Pursuant to 1 Pa. Code § 31.1, this general rule (amongst others) applies except "to the extent that the agency has promulgated inconsistent regulations on the same subject." Since DPW did not adopt an express regulation either permitting or prohibiting extensions of time, for good cause shown, to file a final cost report, the hearing officer should have applied § 31.15. We hold that his failure to do so was error. The Commonwealth Court would have been perfect-

ly justified, therefore, in remanding the case for reconsideration in light of § 31.15. They did not do so however.

█ We read the Commonwealth Court's opinion as concluding, in essence, that failure to grant an extension on these facts was arbitrary and capricious as a matter of law. We are constrained to agree. The facts considered by the hearing officer in this case were not in dispute (R. 63a, Recommendation of Hearing Officer, Discussion). Only questions of law were left to be decided. Under the circumstances, we agree that it was an abuse of discretion for DPW *not* to grant an extension because good cause was certainly shown, and no cogent reasons for not granting an extension have ever been advanced by DPW.[5]

█ Although a remand was not necessary, and the Commonwealth Court properly disposed of the issues before them, we take this opportunity to disavow any suggestion or implication that the Commonwealth Court can order an agency to adopt a specific rule or regulation or that they can create new rules or regulations for an agency.[6]

Affirmed.

**5.** Overlook's letter to DPW, dated May 3, 1983 (R. 2a–3a) requesting the extension at issue in this case, stated the following reasons in support thereof:

1) We are still paying vendor's invoices for Overlook Medical Clinic, Inc.

2) We cannot accomplish a meaningful preliminary closing of our books at this time.

3) Our independent accountants cannot carry out their engagement until such time as we can close our books.

4) For the same reasons we cannot start our Medicare cost report, a copy of which must be furnished to you.

5) Medicare allows a 45 day period, but in view of the above same reasons, and the very complex nature of our reports, it appears that we will not be able to meet the Medicare date either.

We agree with the Commonwealth Court's implicit decision that it would be an abuse of discretion *not* to find that good cause was shown.

**6.** Because of our resolution of these issues, as set forth above, we do not reach Overlook's argument that DPW was estopped, by its prior conduct, from denying an extension as a matter of administrative estoppel.