Thomas S. TULLY and Jan
Tully, Petitioners,

v.

DEPARTMENT OF PUBLIC
WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 8, 1998.
Decided April 8, 1999.

Thomas S. Tully, petitioner, pro se.

Amy Jardine Wilson, Pittsburgh, for respondent.

Laura J. Whiteman, Pittsburgh, for intervenor, Allegheny County Children & Youth Services.

Before McGINLEY, J., LEADBETTER, J. and RODGERS, Senior Judge.

LEADBETTER, Judge.

■ Thomas S. Tully and Jan Tully (petitioners) appeal *pro se* from an order of the Pennsylvania Department of Public Welfare (DPW) which adopted in its entirety the recommendation of a hearing officer that petitioners' appeal from a family service plan be dismissed. The issue presented for review is whether DPW erred in dismissing petitioners' appeal for lack of basis for appeal on the motion of Allegheny County Children and Youth Services (CYS) during a pre-hearing conference.[1] After review, we reverse.

Petitioners' two children came under the care of CYS in May 1989 and were subsequently placed in foster care.[2] On March 16, 1995, a family service plan review was completed by a caseworker for CYS, which established a goal of reunification for petitioners' family. Petitioners refused to agree to the terms of the plan or to sign off on the plan. Thereafter, counsel for petitioners filed a written appeal from the plan with

---

1. Based on the issue raised on appeal, our review is limited to determining whether an error of law was committed. *Conklin v. Commonwealth, Department of Public Welfare*, 105 Pa. Cmwlth. 84, 522 A.2d 1207, 1209 (1987).

2. In May 1989, petitioners' children were approximately ten-and-one-half and six years of age.

DPW's Bureau of Hearings and Appeals. Although petitioners' appeal did not state the grounds or bases underlying the appeal, petitioners subsequently submitted a written statement entitled "Basis for Appeal," which provided in pertinent part:

This appeal is based upon the manipulative and inappropriate use of "Family Service Plans(s)" by CYS. It is asked that all such abusive and manipulative CYS behaviors be terminated.

Typical and repetitively used but not necessarily comprehensive series of practices abusive to the family are:

1. Continuing citation of expunged records on Family Service Plans as though insupportable allegations still have legality.

2. Repeated citation of solved problems as a cause for CYS's continued involvement.

3. Repeated manipulation of family relationships for purposes of CYS objectives which are not consistent with general family reunification mandate, i.e., termination of visitation.

4. Setting parent goals which are both unjustified and manipulatively made and almost impossible to achieve, i.e., increased trust (when CYS had requested and obtained a ban on visitation between parents and children); go to therapy.

5. Unjustifiable non-compliance with Superior Court Orders.

6. Use of unverifiable rating scales which are at best subjective and at worst manipulative to detriment of the parents.

R.R. 20a.[3]

A pre-hearing conference was held before a hearing officer on September 20, 1996.

3. It is unclear from the record when petitioners submitted their written statement.

4. Section 3130.62 of Title 55 of the Pennsylvania Administrative Code provides as follows:

(a) The county agency shall provide to the parents, along with a copy of the family service plan and, if applicable, placement amendment, a written notice of their right to appeal the following to the Department's Office of Hearings and Appeals.

(1) A determination which results in a denial, reduction, discontinuance, suspension or termination of service.

(2) The county agency's failure to act upon a request for service with reasonable promptness.

Counsel for CYS presented a motion to dismiss the appeal for lack of jurisdiction based on 55 Pa.Code § 3130.62(a).[4] Mr. Tully, who appeared at the pre-hearing conference *pro se,* presented his written "Basis for Appeal." In addition, when questioned by both the hearing officer and counsel for CYS, Mr. Tully stated that he had requested services such as the Home Builder's Program and the Auberle Program, but that such were denied. R.R. 45a–46a. During the pre-hearing conference, Mr. Tully also vaguely indicated that other types of services had been requested repeatedly and were denied as well. R.R. 55a. The matter was assigned to another hearing officer for adjudication who, on May 7, 1997, recommended that the petitioners' appeal be dismissed on the basis that petitioners' written "Basis for Appeal" did not state grounds for appeal permitted under 55 Pa.Code § 3130.62(a). The adjudication did not address or mention Mr. Tully's references during the conference regarding services which were allegedly requested and denied. On May 8, 1997, DPW adopted the hearing officer's recommendation in its entirety, thereby dismissing petitioners' appeal. The present appeal followed.[5]

County children and youth service agencies are required to prepare family service plans for dependent children and their families who receive services through the children and youth agency. The plan establishes a goal for the dependent child, such as reunification with the family, as well as services to be provided to the family and the objectives of those services. *See* 55 Pa.Code § 61.

. . . .

(d) If parents wish to appeal, they shall submit a written appeal to the county agency postmarked no later than 15 calendar days from the date of the written notice from the county agency.

5. Petitioners also filed a request for reconsideration, which was granted on June 9, 1997. However, due to the fact that petitioners had filed a petition for review with this court, the grant of the application for reconsideration was untimely and, therefore, the request for reconsideration was deemed denied. *See* 1 Pa.Code § 35.241(e).

Reunification services include such services as counseling and parent education. 55 Pa. Code § 3130.35. As stated, parents have a limited right to appeal a family service plan on the grounds that it results in a denial, reduction, discontinuance, suspension, or termination of service, or that the county agency failed to act upon a service request with reasonable promptness. 55 Pa.Code § 3130.62(a).

On appeal, petitioners argue that DPW erred as a matter of law in dismissing their appeal without granting a hearing. Specifically, petitioners contend that the hearing officer erred in focusing solely on their written "Basis for Appeal" and failing to consider Mr. Tully's statements during the conference regarding services which he had requested, but were denied. For the reasons that follow, we conclude that in light of Mr. Tully's assertions, DPW erred in dismissing petitioners' appeal.

Although we agree that petitioners' written "Basis of Appeal" does not set forth grounds for appeal which fall within DPW's jurisdiction under 55 Pa.Code § 3130.62, Mr. Tully did state during the pre-hearing conference that he had requested specific services from CYS which were denied. Petitioners correctly note that DPW's regulations do not specifically require that an appeal set forth the grounds underlying the appeal. Rather, pursuant to the regulations, an appeal need only be in writing and filed within a specified time period. *See* 55 Pa.Code § 3130.62(d).[6]

█ Although it is not clear from the hearing officer's adjudication, it appears, from the absence of any mention of Mr. Tully's assertions during the pre-hearing

conference, that the hearing officer essentially rejected or discounted Mr. Tully's statements. The pre-hearing conference, however, was not an evidentiary hearing as no witnesses were sworn and no testimony was taken; therefore, any implicit fact-finding, such as the rejection of Mr. Tully's statements, is improper. Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504, provides that an adjudication of an agency is not valid unless a party received reasonable notice of the hearing and an opportunity to be heard. Although this court has held that an evidentiary hearing is not required under Section 504 when factual issues are not in dispute, *see, generally, United Healthcare Benefits Trust v. Insurance Commissioner,* 152 Pa.Cmwlth. 549, 620 A.2d 81, 83 (1993), a review of the transcript from the pre-hearing conference reveals that, at a minimum, there was a dispute regarding whether or not petitioners had requested services which were then denied. Therefore, we conclude that Mr. Tully's assertions are sufficient to entitle petitioners to pursue an appeal under the provisions of 55 Pa.Code § 3130.62 and that DPW erred in implicitly engaging in fact-finding by rejecting Mr. Tully's oral statements at the conference in favor of his written statement to reach the conclusion that petitioners had failed to state grounds for appeal that fell within DPW's jurisdiction.

█ In concluding that DPW erred, we also note that although a hearing officer has authority to dispose of procedural matters at a conference, 1 Pa.Code § 35.114, a hearing officer is not authorized to rule upon any motion before the conclusion of the hearing when the ruling constitutes a final determination by the agency. 1 Pa.Code § 35.180.[7]

---

6. Petitioners do not note, however, that the regulations governing all administrative agencies apply to practice before DPW unless such regulations are inconsistent with a regulation promulgated by DPW on the same subject. *See* 1 Pa.Code § 31.1; *Commonwealth, Department of Public Welfare v. Overlook Medical Clinic, Inc.,* 518 Pa. 507, 511–12, 544 A.2d 935, 937 (1988). The issue of whether the general rules of administrative practice and procedure (set forth in Chapter 31 of Title 1 of the Pennsylvania Code) require an appeal to specifically state the grounds for the appeal from a CYS family service plan has not yet been decided. Neither

DPW nor CYS has argued, however, that the general rules require such specificity or that petitioners have waived their right to assert any legitimate grounds for appeal by failing to include specific objections in their written appeal.

7. Section 35.180 states, in relevant part:
   The presiding officer designated to preside at a hearing is authorized to rule upon any motion not formally acted upon by the agency head prior to the commencement of the hearing where immediate ruling is essential in order to proceed with the hearing, and upon any motion filed or made after the commencement of

Moreover, DPW's dismissal of petitioners' appeal, which constitutes a final determination, is also improper under 1 Pa.Code § 35.180, as such occurred before any hearing took place. Accordingly, we reverse the order of DPW and remand for further proceedings.

### ORDER

AND NOW, this 8th day of April, 1999, the order of the Department of Public Welfare in the above captioned matter is hereby reversed and the matter is remanded for further proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.

the hearing and prior to the submission of his proposed report in the proceedings, **except that no motion made before or during a hearing, a ruling upon which would involve or constitute a final determination of the proceeding, shall be ruled upon by a presiding officer except as a part of his proposed report** submitted after the conclusion of the hearing. A presiding officer may refer any motion to the agency head for ultimate determination.
1 Pa.Code § 35.180(a)(emphasis added).