**Villa TERESA, Petitioner,**

v.

## DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 2003.

Decided Oct. 9, 2003.

Michael A. Hynum, Harrisburg, for petitioner.

Kathleen Grogan, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.

In these consolidated appeals, Villa Teresa (Petitioner) seeks reversal of a Bureau of Hearings and Appeals (BHA) decision denying it Medical Assistance (MA) reimbursement from the Department of Public Welfare (DPW) for twenty-five invoices it submitted to DPW after the date required by DPW regulations. We affirm.

Petitioner is an enrolled provider of nursing facility services in DPW's MA Program. Petitioner acknowledges, in twenty-two out of the twenty-five cases involved here, it had sufficient time to invoice DPW for services provided within the 180 days from the end date of service required by the time deadline regulations. 55 Pa.Code § 1101.68(b)(1).[1] Petitioner further acknowledges it failed to seek "exception requests" within the required 60 days of the provider's receipt of the eligibility determination under the Pa.Code. 55

---

1. "A provider shall submit original or initial invoices to be received by the Department within a maximum of 180 days after the date the services were rendered or compensable items provided." 55 Pa.Code § 1101.68(b)(1).

Pa.Code § 1101.68(c)(d). Because Petitioner failed to comply with the time deadline regulations of § 1101.68, DPW denied Petitioner payment for the invoices.

## I.

Petitioner first contends Section 443.1(3) of the Public Welfare Code (Public Welfare Code),[2] mandates that DPW make payments on behalf of eligible persons.[3] Consequently, Petitioner asserts DPW lacks the authority to deny payment for the invoices pursuant to its time deadline regulations.

DPW counters the time deadline regulations are long-standing and the subject of repeated review by this Court. The enactment of the time deadline regulations is a valid exercise of DPW's rulemaking authority as it is "a duly promulgated regulation of an agency charged with broad authority to enact such regulation pursuant to Section 201 of the [Public Welfare] Code." *Presbyterian Med. Ctr. v. Dept. of Public Welfare*, 792 A.2d 23, 27 (Pa. Cmwlth.2002) (*Oakmont I* ).

## II.

Petitioner also seeks relief under a different regulation, 1 Pa.Code § 31.15, part of the general rules of practice and procedure. Petitioner argues the time deadline regulations [4] do not preclude extensions of time pursuant to 1 Pa.Code § 31.15.[5] Petitioner relies on our Supreme Court's analysis in *Dep't of Public Welfare v. Overlook Med. Clinic, Inc.,* 518 Pa. 507, 544 A.2d 935 (1988) and the principles of due process. Petitioner's rationale appears to be, because the Legislature established time limits for claims against the Commonwealth, DPW lacks authority to require a lesser time period.

This argument ignores the Legislature's purpose in enacting the time deadline regulations, which was:

[T]o ensure consistency and to alleviate uncertainty among providers regarding the Department's invoicing policy. Ad-

2. Act of June 13, 1967, P.L. 31, *as amended,* added by the Act of July 31, 1968, P.L. 904, 62 P.S. § 443,1.

3. Section 443.1 begins, "The following medical assistance payments shall be made in behalf of eligible persons whose institutional care is prescribed by physicians." Section 443.1(3) goes on to state those payments include, "Rates on a cost-related basis established by the department for skilled nursing home or intermediate care in a non-public nursing home, when furnished by a nursing home licensed or approved by the department and qualified to participate under Title XIX of the Federal Social Security Act." 62 P.S. 443.1(3).

4. 55 Pa.Code § 1101.68(5) provides:

(5) No exceptions to the normal invoice processing deadlines will be granted other than under this section. In addition, if a provider's claim to the Department incurs a delay due to a third party or an eligibility determination, and the 180-day time frame

has not elapsed, the provider shall still submit the claim through the normal claims processing system. A request for an exception to the 180-day time frame is not required whenever the provider can submit the claim within that 180-day period.

5. Section 31.15 provides, among other things, with emphasis added:

(a) Extensions of time shall be governed by the following:
(1) Except as otherwise provided by law, whenever by these rules or by a regulation or order of an agency, or a notice given thereunder, an act is required or allowed to be done at or within a specified time, the time fixed or the period of time prescribed may, by the agency head or presiding officer, for good cause be extended upon motion made *before expiration of the period originally prescribed or as previously extended; and upon motion made after the expiration of the specified period, the act may be permitted to be done where reasonable grounds are shown for the failure to act.*

ditionally, these amounts will increase the Department's ability to provide reimbursement to providers in a more efficient and consistent manner. It is the Department's intent to reduce the number of unnecessary exception requests by providers which cause delays in the reimbursement system.

20 Pa. B. 6165 (1990).

█ Similarly, we disagree with the contention that § 31.15 is applicable to Petitioner. The general rules of practice and procedure are "not applicable to a proceeding before an agency *to the extent that the agency has promulgated inconsistent regulations on the same subject.*" 1 Pa.Code § 31.1(b)(c) (emphasis added). Here, the agency promulgated regulations inconsistent with § 31.15, the time deadline regulations.

Further, Petitioner's reliance on *Overlook* is misplaced. In *Overlook*, the Supreme Court determined DPW abused its discretion when it denied the provider's request for an extension because DPW's regulations were silent as to extensions, § 31.15 permits extensions for good cause, and § 31.15 applies in the absence of DPW regulations. Here, unlike the provider in *Overlook*, Petitioner did not comply with § 31.15 by requesting an extension before the expiration of the 180–day deadline. Petitioner established neither good cause nor reasonable grounds for its failure to comply within the applicable deadlines.

It appears Petitioner is asking this Court to adopt filing deadlines for the submission of MA payment claims different from those contained in the time deadline regulations. Those regulations explicitly provide, "*[n]o exception to the normal invoice proceeding deadlines will be granted other than under this section.*" 55 Pa.Code § 1101.68(d)(5) (emphasis added). DPW promulgated appropriate regulations regarding time extensions which we are given no reason to disturb.

## III.

█ Finally, Petitioner erroneously asserts matters involving payments to MA providers must proceed to the Board of Claims after the MA provider exhausts the appropriate DPW administrative remedies. As shown below, the Board of Claims lacks subject matter jurisdiction to resolve MA provider invoice reimbursement matters.

The General Assembly enacted the Act of December 3, 2002, P.L. 1147 (Act 2002–142). Section 1724(c) of Act 2002–142 provides:

The board [of Claims] shall have no power and exercise no jurisdiction over claims for payment or damages to providers of medical assistance services arising out of the operation of the medical assistance program established by the act of June 13, 1967 (P.L. 31, No. 21) known as the Public Welfare Code.

Act 2002–142 effectively codifies this Court's holdings that the determination of MA provider payments is within the exclusive authority of DPW and that DPW's regulations are not contract terms. *Dep't of Public Welfare v. Riverstreet Assoc.,* 798 A.2d 260 (Pa.Cmwlth.), *appeal denied,* 569 Pa. 710, 805 A.2d 526 (2002); *Oakmont I.*

Because Act 2002–142 continues the rule previously established by case law, it is immaterial whether the current cases were filed with the Board of Claims before Act 2002 142's effective date. Both before and after Act 2002–142, the Board lacks subject matter jurisdiction. *Riverstreet Assoc.; Dep't of Public Welfare v. Presbyterian Med. Ctr. of Oakmont,* 826 A.2d 34 (Pa.Cmwlth.2003) (*Oakmont II* ) (MA provider claims derived from interpretation and application of DPW regulations and not whether DPW failed to follow specific

terms of MA provider agreements). Thus, remand to the Board is pointless.

The time deadline regulations address the deadline for submission of MA Program provider claims, and the standards under which the deadline will be extended. Petitioner established neither good cause nor reasonable grounds for its failure to comply with the applicable time limitations.

For the foregoing reasons, we affirm the decisions of DPW.

## ORDER

AND NOW, this 9th day of October, 2003, the decisions of the Department of Welfare in the above-captioned matters are affirmed.