**INDEPENDENCE BLUE CROSS, Petitioner,**

v.

**PENNSYLVANIA INSURANCE DEPARTMENT,
Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 10, 2002.

Decided July 12, 2002.

---

717

Jay H. Calvert, Philadelphia, for petitioner.

Terrance A. Keating and Todd A. Shamash, Harrisburg, for respondent.

Jerome M. Marcus, Philadelphia, for intervenors, J. Ciamaichelo and R. Stevens, Inc.

Before: McGINLEY, Judge, SMITH-RIBNER, Judge, McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Independence Blue Cross (IBC) appeals the denial of its petition for a declaratory order by the Insurance Commissioner of the Pennsylvania Insurance Department (Department). We affirm.

On August 2, 2001, Jules Ciamaichelo and Rob Stevens, Inc., (Plaintiffs) filed a class action complaint against IBC. (Certified Record at 12).[1] The complaint was filed in the Court of Common Pleas of Bucks County (trial court). Plaintiffs are seeking to bring this action on behalf of IBC subscribers, policyholders, and members. IBC is a hospital plan corporation that provides health care financing services within the Philadelphia area. The complaint alleges that IBC has violated its non-profit status and its social mandate by generating excessive surplus with a pri-

mary for-profit motive. The excess surplus is alleged to be over $438 million. It is claimed that IBC has violated Section 5545 of the Nonprofit Corporation Law of 1988 (Nonprofit Law), 15 Pa.C.S. § 5545, committed breach of contract, and breach of fiduciary duty. In the complaint, Plaintiffs seek an order authorizing the class action, declaring that IBC has violated the Nonprofit Law, and requesting that the court order disposition of the excessive amounts as it deems appropriate. It is suggested that the excessive surplus be used to provide coverage for uninsured citizens, expand benefits coverage, and/or be returned to the policyholders, subscribers and members. IBC has filed preliminary objections the complaint which are currently pending.

IBC then petitioned the Department for a declaratory order pursuant to 1 Pa.Code § 35.19. IBC claimed to be seeking a declaratory order to remove uncertainty concerning challenges that have been made to IBC's reserves that may impact its financial solvency. (C.R., Declaratory Petition at 4). IBC noted that its rates and reserves are subject to the review and approval of the Department. It claimed that Plaintiffs' action draws into dispute the Department's authority to review and approve the rates and creates uncertainty about the Department's future role in this area. IBC requested that the Department issue a declaratory order on the following issues:

(1) [W]hether IBC is free under the Hospital Corporation Act, 40 Pa.C.S.A. §§ 6101 et seq., and the Accident and Health Filing Reform Act, 40 P.S. §§ 3801 et seq., to implement any remedy that may be ordered in the Ciamaichelo [Plaintiffs] Action with respect to the level of its reserves or rates, without

---

1. Hereinafter C.R.

further approval from the Department; and (2) whether parties may judicially challenge the Department's decisions regarding the rates and reserves that IBC implements and maintains without first complying with the Department's administrative review process.

(C.R., Declaratory Petition at 8–9). IBC requested that the Department order: (1) that IBC maintain its reserves levels until the Department rules otherwise; (2) that IBC may not disgorge its reserves unless the Department rules otherwise; and (3) that the Plaintiffs may not judicially challenge the Department's decisions regarding IBC's rates and reserves without first complying with the Department's administrative review process.

On November 19, 2001, the Department issued an order denying IBC's request. (C.R. at 73). The Department noted that IBC was trying to assert that the Department's rate and reserve decisions could not be judicially challenged and that the trial court lacked authority to implement the remedies sought by the Plaintiffs. The Department found that it lacked authority to define the trial court's authority or jurisdiction and that it would be inappropriate for an administrative agency to declare that a court should not hear a certain type of controversy or declare that a court could not grant relief.[2] The Department noted that IBC's petition was really seeking an order that would be an affirmative defense or a motion for dispositive relief in Plaintiffs' action and that it was up to the trial court to determine its own jurisdiction and authority. The Department concluded that, "[t]he sound exercise of discretion mandates that the Insurance Commissioner not usurp the court's prerogatives." (C.R. at 75).

On appeal to this Court, IBC claims that the Department abused its discretion and violated IBC's constitutional right to due process in refusing to determine or clarify IBC's rights, duties or obligations under its regulatory scheme. Plus, IBC asserts that the Department further abused its discretion in not holding a hearing.

■ IBC argues that since the Department has statutory responsibility for regulating IBC's rates and reserves, yet refuses to inform IBC whether it can abide by the trial court's order, it exposes IBC to the threat of sanctions from either the Department or the trial court. IBC requests that this Court remand the matter to the Department and order the Department to answer the questions posed by IBC in its petition for declaratory relief. Our scope of review is as follows:

This Court may not reverse or modify an agency adjudication unless the adjudication violates constitutional rights, is not in accordance with agency procedure or with applicable law, or unless any finding of fact necessary to support the adjudication is not based upon substantial evidence. 2 Pa.C.S. § 704. An agency's adjudication is not in accordance with law if it represents a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties or functions. *Slawek v. State Board of Medical Education & Licensure*, 526 Pa. 316, 586 A.2d 362 (1991). *Prudential Property and Casualty Insurance Co. v. Department of Insurance*, 141 Pa.Cmwlth. 156, 595 A.2d 649, 653 (1991).

■ The Department claims that IBC has failed to state an "actual controversy" appropriate for declaratory relief as this is not a case where administrative regulations of the Department itself are being questioned. IBC is asking the Depart-

---

**2.** In so finding, we note that the Department was in no way relinquishing its statutory duty to regulate insurance rates and reserves to the trial court.

ment to declare itself an authority above the trial court; plus, the Department has been asked to render an opinion regarding what IBC should do when the trial court enters an order, without any knowledge of what the trial court's order will state.

■■■ The declaratory relief standard is as follows:

A declaratory judgment is an appropriate remedy where a case presents antagonistic claims, indicating imminent and inevitable litigation. *Liberty Mutual Insurance Company v. S.G.S. Company,* 456 Pa. 94, 318 A.2d 906 (1974); Allegheny County Constables; *Chester Upland School District v. Commonwealth of Pennsylvania,* 90 Pa.Commonwealth Ct. 464, 467, 495 A.2d 981, 983 (1985). However, it is an inappropriate remedy to determine rights in anticipation of events which may never occur. *Yarmoski v. Lloyd,* 110 Pa.Commonwealth Ct. 97, 531 A.2d 1169 (1987).

*American Council of Life Insurance v. Foster,* 134 Pa.Cmwlth. 634, 580 A.2d 448, 451 (1990).

In *Boyle v. Department of Transportation,* 151 Pa.Cmwlth. 430, 617 A.2d 70 (1992), the plaintiff had filed a civil action against the Department of Transportation (DOT). While that action was pending, plaintiff filed an action for declaratory judgment with this Court. Plaintiff sought to challenge the sovereign immunity doctrine's statutory caps. This Court concluded that plaintiff was seeking relief in anticipation of events that may never occur, as he had yet to be adversely affected by the statutes he alleged were unconstitutional because his trial court case was still pending. This Court noted that if DOT was not found liable at trial, the declaratory action would not be necessary. Moreover, even if plaintiff won, if he won an amount less than the statutory cap, he would still not be aggrieved.

*Boyle* is similar to the case at issue. IBC is seeking relief in anticipation of events that may never occur. The petition for declaratory relief is based on a hypothetical future occurrence. It is not yet known if the trial court is even accepting jurisdiction. Even if it does accept jurisdiction, it may rule in favor of IBC. If it finds against IBC, there is still no way to know what remedy it will order.

The Department further argues that IBC's request for declaratory relief fails to satisfy the basic premise of requesting a declaratory order, i.e., IBC's request will not terminate a controversy or remove uncertainty. 1 Pa.Code § 35.19 provides:

Petitions for the issuance, in the discretion of an agency, of a declaratory order to terminate a controversy or remove uncertainty, shall state clearly and concisely the controversy or uncertainty which is the subject of the petition. . . .

■■■ The questions raised by IBC in its petition, if answered by the Department, will not terminate the controversy or remove uncertainty. Even if the Department answers the questions the way IBC requests, and decides that IBC cannot change or disgorge its reserves without authorization by the Department, and concludes that the trial court does not have jurisdiction, it has not ended the controversy. IBC has provided no case law establishing that the trial court would be bound, in any way, by the determination of the Department. There is certainly no case law that authorizes the Department to determine the jurisdictional authority of any court.[3] Therefore, the Plaintiffs' case would still proceed through the trial court and the trial court could conclude that it does have jurisdiction and order that some

---

**3.** On the contrary, the doctrine of primary jurisdiction provides that when faced with an issue regarding a regulated area, a trial court should make a determination whether it or

of the reserves be liquidated. Thus, the possibility that IBC could be subjected to two conflicting orders would still remain. Consequently, IBC has failed to establish that its declaratory petition would terminate a controversy or remove uncertainty.

IBC next alleges that it was an abuse of discretion and a denial of due process for the Department to reach a decision without a hearing. IBC bases this claim on Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504, which provides:

No adjudication of a Commonwealth Agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings.

■■■ However, receiving an opportunity to be heard does not require a hearing in every case:

This court has held that where no factual issues are in dispute, no evidentiary hearing is required under 2 Pa.C.S. § 504. *Snyder v. Department of Environmental Resources*, 138 Pa.Commonwealth Ct. 534, 588 A.2d 1001 (1991), petition for allowance of appeal granted, 530 Pa. 635, 606 A.2d 904 (1992); *Massari v. Foster*, 131 Pa.Commonwealth Ct. 30, 569 A.2d 399 (1990); *Mellinger v. Department of Community Affairs*, 111 Pa.Commonwealth Ct. 377, 533 A.2d 1119 (1987). Where there are no disputed facts, the motion proceedings, including briefs and arguments by both parties, provide ample opportunity for the parties to be heard and the Administrative Agency Law requires no more.

*United Healthcare Benefits Trust v. Insurance Commissioner of Pennsylvania*, 152 Pa.Cmwlth. 549, 620 A.2d 81, 83 (1993). The facts in this case are clearly not in dispute and IBC does not try to argue otherwise. IBC instead argues that the Department was "confused" and misunderstood what IBC was requesting. However, the petition submitted by IBC clearly states the questions it was asking and what relief it wanted. The decision reached by the Department addressed the questions raised and the relief sought. There is no confusion or misunderstanding established on the part of the Department. Therefore, there is no showing that the Department was required to hold an evidentiary hearing in this case.

Based on our review, it is apparent that the Department did not abuse its discretion, violate IBC's rights or violate its own practice and procedure in denying IBC's petition for declaratory relief. IBC has failed to state a proper claim for declaratory relief as IBC is seeking an inappropriate remedy on the basis of events that may never occur; plus, IBC has failed to establish that the order it requests from the Department would terminate a controversy or remove uncertainty.

Accordingly the order of the Department is affirmed.

### ORDER

AND NOW, this 12th day of July, 2002, the order of the Pennsylvania Insurance Department is affirmed.

---

the administrative agency is better suited to hear the subject matter. *Insurance Stacking Litigation*, 754 A.2d 702 (Pa.Super.2000), *petition for allowance of appeal denied*, 565 Pa. 673, 775 A.2d 807 (2001). Furthermore, where a trial court accepts subject matter jurisdiction in a regulated area and concludes that the administrative agency's interpretative regulation in that area is in error, it is free to disregard the administrative agency's interpretation. *Insurance Stacking Litigation*, 754 A.2d at 706.