Frank Kelly,                              :
                    Petitioner            :
                                          :   No.  842 C.D. 2017
            v.                            :
                                          :   Argued:  October 19, 2017
Office of General Counsel,                :
                    Respondent            :
                                          :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE J. WESLEY OLER, JR., Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  November 29, 2017


            Petitioner Frank Kelly petitions for review of the June 6, 2017 order of the Governor's Office of General Counsel (OGC) dismissing his appeal of OGC's decision to withdraw its representation of him in an underlying suit filed against him by a former Cheyney University (Cheyney) employee.


## Facts and Procedural History

            The present matter is related to the case captioned *Thomas Flagg v. International Union, Security, Police, Fire Professionals of America, Local 506; International Union, Security, Police, Fire Professionals of America; Pennsylvania State System of Higher Education; Cheyney University of Pennsylvania, and Frank Kelly*, (Pa. Cmwlth., No. 641 M.D. 2011, filed August 23, 2016), which is currently

pending before this Court. This Court's August 23, 2016 opinion and order, ruling on a motion by Kelly for summary relief in *Flagg*, set forth the lengthy factual and procedural history of the case, a brief summary of which follows.

The underlying matter in *Flagg* arose from an alleged altercation that occurred between Frank Kelly and Thomas Flagg, both of whom were sergeants in the Cheyney University Campus Police Department and were members of the same "meet and discuss" unit which was represented by the bargaining agents International Union, Security, Police, Fire Professionals of America, Local 506 (Local 506) and International Union, Security, Police, Fire Professionals of America (SPFPA). Cheyney is one of the 14 public universities that comprise the Pennsylvania State System of Higher Education (PSSHE). A memorandum of understanding existed between PSSHE, Local 506, and SPFPA, which provided for a grievance and arbitration procedure for resolving disputes regarding the imposition of discipline against unit members. Flagg and Kelly had an acrimonious working relationship with one another, which culminated in Kelly filing a complaint against Flagg with Cheyney, resulting in Flagg's termination in May 2007. Local 506 and SPFPA filed a grievance for Flagg's termination, which proceeded to arbitration and resulted in Flagg's reinstatement with a 30-day suspension in March 2009. *Flagg*, slip op. at 1-2.

Subsequently, Kelly and Flagg were involved in a physical altercation, and Kelly filed a complaint against Flagg for assault, resulting in criminal charges against Flagg. Flagg was initially placed on administrative leave but was terminated while the charges were still pending. Local 506 and SPFPA once again filed a grievance with Cheyney and PSSHE for Flagg's termination. Kelly then sent a letter to the president of Local 506, stating that Flagg had assaulted him, had been found guilty, and had been ordered to attend anger management classes and refrain from contacting him. Kelly also stated that rehiring Flagg would conflict with the criminal

2

court's no-contact order and indicated that he was prepared to bring a class action suit against Cheyney and SPFPA "to ensure the safety of all," if they were to jeopardize his safety by reinstating Flagg. *Flagg*, slip op. at 4. Approximately 10 months later, SPFPA sent Flagg a letter advising that it would be terminating his grievance because it determined that his grievance lacked merit to warrant arbitration. *Flagg*, slip op. at 3-4.

On November 14, 2011, Flagg filed a complaint in the Delaware County Court of Common Pleas against Local 506 and SPFPA, seeking declaratory relief requiring the unions to seek arbitration for Flagg's 2010 termination and damages against the unions for violating their duty of fair representation by arbitrarily and in bad faith failing to pursue arbitration of his grievance. Flagg also listed Cheyney and PSSHE as additional defendants. The matter was subsequently transferred to this Court in its original jurisdiction, and in February of 2014, Flagg filed a motion for leave to file an amended petition for review, which would allow him to add new parties, including Kelly, and new claims. PSSHE, Cheyney, SPFPA, and Local 506 filed objections, and Flagg withdrew the motion but simultaneously filed a motion for leave to file a second amended petition for review. PSSHE objected to the first two counts of the amended petition for review, but did not object to Counts III and IV, which attempted to add Kelly as an additional respondent. SPFPA and Local 506 filed objections to Counts I and IV. *Flagg*, slip op. at 4-5.

In July of 2014, this Court issued an order denying Flagg's request to file Count I but granted leave for Flagg to amend Counts II-IV, which permitted Flagg to add Kelly as a respondent. Flagg subsequently filed the second amended petition for review, which was served on Kelly in August of 2015. Count III was a 42 U.S.C. §1983 action against Kelly for allegedly violating his First Amendment rights, and

3

Count IV was an action for tortious interference with contractual relations against Kelly, SPFPA, and Local 506.

On August 28, 2015, PSSHE's Chief Counsel, Andrew Lehman, sent a letter to Kelly at his address on Lardner Street in Philadelphia indicating that the Commonwealth would represent him in defense of the *Flagg* lawsuit for actions taken by Kelly in the good faith exercise of his authority within the scope of his employment as a police officer at Cheyney. (Adjudicator's Finding of Fact No. 2(c).) The letter also advised Kelly that the Commonwealth reserved the right to withdraw legal representation and indemnification. The letter specifically stated,

> **[W]e will not represent you in for [sic] any actions that were taken in your role as a SPFPA member involving internal union business. Actions we consider as internal union business, include but may not necessarily be limited to letters written to SPFPA complaining about its representation of Thomas Flagg.** If new factual information comes to our attention, we reserve the right to reconsider our offer of legal representation and indemnification and to withdraw our offer of representation and/or indemnification.

(R.R. at 144a) (emphasis in original).

On August 31, 2015, Kelly accepted the terms of representation and indicated that the best times to reach him were between 1:00 p.m. and 7:00 p.m. at the telephone number he provided. The envelope Kelly used to return his acknowledgement of the Commonwealth's representation listed Kelly's name and his address on Lardner Street. All documents related to Kelly's legal representation in the *Flagg* suit were sent to the Lardner Street address in Philadelphia. (Adjudicator's Findings of Fact Nos. 2(c)-(h); R.R. at 145a-46a.)

In September 2015, Michael Ferguson, Esq., legal counsel for PSSHE, entered an appearance on behalf of Kelly and filed an application for summary relief,

4

requesting dismissal of the claims against Kelly. (R.R. at 148a.) On August 23, 2016, this Court issued an opinion granting Kelly's application for summary relief as to Count III of Flagg's petition for review but denying it as to Count IV.

In September of 2016, Mr. Ferguson attached a copy of the August 23, 2016 opinion to an email he sent to Kelly, stating, "As discussed, I will be in contact." (R.R. at 150a.) Kelly notes that Mr. Ferguson did not mail a copy of the opinion to him. (Kelly's brief at 9.) In November 2015, Kelly states that he moved from the Lardner Street address and lived at several other addresses in Philadelphia but did not notify Mr. Ferguson or Mr. Lehman of his new mailing address. (Adjudicator's Findings of Fact Nos. 2(i)-(j).) Kelly states that he had several phone conversations with Mr. Ferguson and that, throughout the litigation in this case, his phone number did not change. (Kelly's brief at 8.)

On September 28, 2016, Mr. Lehman mailed a letter to Kelly at his last known address on Lardner Street, notifying him that the Commonwealth was withdrawing its legal representation because Kelly's actions in drafting the letter to SPFPA requesting that it not represent Flagg were outside of the scope of his employment. The letter also stated that Kelly had 10 days from the date of service of the letter to appeal the decision and had the right to request an evidentiary hearing under 2 Pa.C.S. §§501-508, 701-704. Although the letter was sent via certified mail, it was returned to Mr. Lehman as "unclaimed" in early November 2016. (Adjudicator's Finding of Fact No. 2(k).)

In October 2016, Mr. Ferguson filed a petition for leave of court to withdraw as counsel for Kelly citing a conflict of interest under Rule 1.7 of the Rules of Professional Conduct and stating his belief that Kelly's actions occurred outside the

5

scope of his employment. (Ferguson's petition to withdraw at ¶10.)[1] This Court issued an order scheduling a telephone hearing for October 27, 2016, to hear argument on Mr. Ferguson's petition to withdraw, which it subsequently continued to November 21, 2016. Mr. Ferguson then filed an application for leave to file information regarding the alleged conflict of interest *in camera*, *ex parte*, and under seal, which Kelly asserts he did not receive since it was sent to the Lardner Street address, where he no longer lived. In late October 2016, Mr. Ferguson sent a letter to Kelly at the Lardner Street address, enclosing the Court's order scheduling the hearing on the petition to withdraw. (R.R. at 157a.)[2] Kelly states that he did not receive this letter until approximately one month later, on November 21, 2016. (Kelly's brief at 12; Adjudication and Order at 10.)

On November 15, 2016, Mr. Ferguson sent Kelly a letter, enclosing a copy of Mr. Lehman's September 28, 2016 letter withdrawing representation to the Lardner Street address, stating that the prior letter was returned as unclaimed. Both Mr. Ferguson and Mr. Lehman assert that the November letter was not returned. (Adjudicator's Findings of Fact Nos. 2(l); R.R. at 152a.) The same day, the Court granted Mr. Ferguson's application to file information under seal.

Kelly states that, after learning for the first time about Mr. Ferguson's desire to withdraw as counsel, on November 27, 2016, he wrote to Lou Tartack, the president of Local 506 and SFPFA, requesting that the union provide him with legal

---

[1] The petition was filed on October 5, 2016, on the *Flagg* docket. Kelly asserts that, although the post office verified that the petition was "left with an individual" at the Lardner Street address, he did not receive notice of the petition since he had not lived there for nearly a year. (Kelly's brief at 10.) Both Flagg and the union respondents, Local 506 and SPFPA, filed answers on October 10, 2016, and October 18, 2016, respectively. Kelly also notes that he was not served with the answers to Mr. Ferguson's petition. (Kelly's brief at 11.)

[2] Kelly emphasizes that in the letter Ferguson incorrectly stated that November 17, 2016, was the date of the hearing. (Kelly's brief at 12.)

representation. Kelly's letter, which listed his current and correct address, was also sent to Mr. Ferguson. (Adjudicator's Finding of Fact No. 2(m); R.R. at 156a.)

In December 2016, Jill Fluck, Esq., entered an appearance on behalf of PSSHE and Cheyney only and requested the withdrawal of Mr. Ferguson's representation of the same. The Court then issued an order granting Mr. Ferguson's application to withdraw as counsel but noted that the issue of whether PSSHE was obligated to provide alternate counsel to Kelly was not before the Court.

Kelly states that on or about January 17, 2017, he received a copy of the Court's order granting Mr. Ferguson's petition for withdraw. On January 19, 2017, Kelly sent an email to Ms. Fluck, indicating that he was seeking an attorney to represent him in the *Flagg* suit. On January 24, 2017, Mr. Lehman sent a letter to Kelly at his current address, notifying him that the Commonwealth's representation of him had already been denied. (Adjudicator's Findings of Fact Nos. 2(n)-(p); R.R. at 165a.)

On February 2, 2017, Dale Larrimore, Esq., faxed a letter to Mr. Lehman and three other OGC attorneys on Kelly's behalf, requesting that the Commonwealth continue to provide representation to Kelly since all of his relevant conduct fell under his duties and obligations as an employee of Cheyney. On February 14, 2017, OGC sent a letter to Mr. Larrimore and Kelly, acknowledging Mr. Larrimore's February 2, 2017 letter as a notice of appearance for an appeal of the decision to deny representation to Kelly. (Adjudicator's Findings of Fact Nos. 2(q)-(r).)

General Counsel Denise J. Smyler appointed Thomas P. Howell to serve as an Adjudicator under 4 Pa. Code §39.3.[3] The Parties stipulated to the facts and filed

---

[3] In relevant part, section 39.3(b)(1) states:

> If the General Counsel or the General Counsel's designee determines that the defendant's conduct was a bad faith exercise of his authority,

briefs in support of their positions. In April 2017, based upon the Parties' joint stipulations, the Adjudicator determined that he was without jurisdiction to adjudicate the dispute given Kelly's untimely appeal and cancelled the scheduled hearing. On June 6, 2017, the Adjudicator issued a decision and order dismissing Kelly's appeal.

In his findings of fact, the Adjudicator reiterated the Parties' stipulations. (Adjudicator's Findings of Fact Nos. 2(a)-(r); R.R. at 98a-101a.) Additionally, he found that, based upon those stipulations, PSSHE mailed to Kelly, at his last known address, a copy of the letter indicating its decision to withdraw representation on September 28, 2016, and November 15, 2016. Accordingly, he found that Kelly was aware of the Commonwealth's withdrawal of representation "at least as of November 27, 2016, the date upon which he sought counsel from SPFPA" by writing to Mr. Tartack. (Adjudicator's Finding of Fact No. 4.) The Adjudicator emphasized Kelly's admission in the stipulations that he was aware on January 17, 2017, that he was no longer being represented by the Commonwealth. Finally, the Adjudicator noted the uncontradicted fact that Kelly did not file an appeal until February 2, 2017. (Adjudicator's Findings of Fact Nos. 3-6.)

In his conclusions of law, the Adjudicator stated that PSSHE carried the burden in the proceeding and that Kelly, who was represented by counsel, had a full opportunity to be heard with regard to his appeal. (Adjudicator's Conclusions of Law Nos. 1, 2.) The Adjudicator concluded that Kelly had not filed a timely appeal under

malicious or outside the scope of his employment, the General Counsel, in his sole discretion, will determine whether the Commonwealth will undertake the defense of the defendant. The Commonwealth will not indemnify the defendant for a judgment against him, and will notify the defendant that he may be subject to personal liability and should engage his own attorney.

4 Pa. Code §39.3(b)(1).

4 Pa. Code §39.13,[4] because it was not filed within 10 days of receiving notice that the Commonwealth was withdrawing representation. (Adjudicator's Conclusions of Law Nos. 3, 7.) The Adjudicator further concluded that Kelly had not proceeded with reasonable diligence once he became aware of the withdrawal of representation, which occurred, at the latest, on January 17, 2017. (Adjudicator's Conclusion of Law No. 8.)

In the discussion, the Adjudicator noted Kelly's admission in his brief that he became aware of the Commonwealth's decision as early as November 21, 2016—the date Kelly acknowledged receiving Mr. Ferguson's October 28, 2016 letter advising him of a hearing on his petition to withdraw—but did not appeal the decision and instead "sought out legal representation through other means." (Adjudication and Order at 10.) That delay, as well as Kelly's failure to notify PSSHE of his current address, the Adjudicator determined, showed a "'lack of reasonable diligence, which [was] not excused' by a claim that he was unaware of 'the time for appeal.'" (Adjudication and Order at 10) (citing *Ercolani v. Department of Transportation, Bureau of Driver Licensing*, 922 A.2d 1034, 1037 (Pa. Cmwlth. 2007)).

---

[4] In relevant part, section 39.13(d)(1) states:

> If OGC disapproves a request for legal representation by Commonwealth attorneys or attorneys retained by the Commonwealth under subsection (b); denies a request for reimbursement of fees and expenses under subsection (b) or (c); or determines under subsection (b) or (c) that a member, official or employe is not entitled to indemnification for the expense of a judgment or settlement--the member, official or employe may file a petition of appeal to the General Counsel under 1 Pa. Code § 35.20 (relating to appeals from actions of the staff) *within 10 days after service of the notice of the decision of OGC*.

4 Pa. Code §39.13(d)(1) (emphasis added).

Furthermore, the Adjudicator, noting that Mr. Ferguson was not made aware of Kelly's address change until he received a copy of Kelly's November 27, 2016 letter to Mr. Tartack, stated that PSSHE was entitled to the rebuttable presumption that items deposited in the United States mail, addressed to an individual's last known address, were received by that individual. Because Kelly had not rebutted that presumption and because he did not attempt to notify PSSHE of his pending move or new contact information, the Adjudicator held that he was not entitled to *nunc pro tunc* relief. As such, the Adjudicator determined that the untimely appeal divested him of jurisdiction to consider the merits of whether Kelly was entitled to Commonwealth representation and indemnification and dismissed the appeal. Kelly's appeal is now before this Court.[5]

## Discussion

Kelly contends that: (1) OGC violated his due process rights by not ensuring that he received notice that OGC was withdrawing from representing him and by refusing to provide replacement counsel for litigation in which Kelly was being sued for actions he took on behalf of Cheyney and PSSHE; and (2) he did not forfeit his

---

[5] This Court's review is limited to a determination of whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. §704.

right to representation under 4 Pa. Code §39.2[6] or §39.3[7] by filing an appeal of the decision on February 2, 2017, which was within 10 days of his receipt of the January

[6] In pertinent part, section 39.2 reads:

> When a Commonwealth official or employe is sued in his official or individual capacity for alleged negligence or other unintentional misconduct occurring while in the scope of employment, the Commonwealth will provide a defense in all cases.

4 Pa. Code §39.2.

[7] Section 39.3 reads:

> (a) *Good faith in exercise of authority.* Regardless of the allegations made against the defendant, if it appears to the General Counsel or to the General Counsel's designee that the defendant's conduct giving rise to the cause of action was within the scope of his employment and a good faith exercise of his authority, the Commonwealth, or its insurance company if there is coverage, will undertake the defense with an attorney of its choosing at its expense, and will indemnify the defendant for the expense of a judgment against him or a settlement that is approved by the General Counsel or the General Counsel's designee. The defendant may engage his own attorney but indemnification and reimbursement of attorneys fees by the Commonwealth will be in the sole discretion of the General Counsel.

> (b) *Bad faith or malicious conduct, or conduct outside the scope of employment.*

>> (1) If the General Counsel or the General Counsel's designee determines that the defendant's conduct was a bad faith exercise of his authority, malicious or outside the scope of his employment, the General Counsel, in his sole discretion, will determine whether the Commonwealth will undertake the defense of the defendant. The Commonwealth will not indemnify the defendant for a judgment against him, and will notify the defendant that he may be subject to personal liability and should engage his own attorney.

24, 2017 letter from Mr. Lehman because the operative date which triggered the 10-day appeal period was January 24, 2017, when Mr. Lehman responded to Kelly's letter to Ms. Fluck.

OGC's authority to determine whether a Commonwealth employee who is subject to a civil suit will be afforded legal representation or reimbursed for attorney's fees is governed by 4 Pa.Code §39.13, which clearly states, "If OGC disapproves a request for legal representation . . . the member, official or employe may file a petition of appeal to the General Counsel . . . within 10 days after service of the notice of the decision of OGC."

"The law is well settled that statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence." *Stanton v. Department of Transportation, Bureau of Driver Licensing*, 623 A.2d 925, 926 (Pa. Cmwlth. 1993). However, our Supreme Court has previously held that appellate courts may grant a party equitable relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances. *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001). Such circumstances traditionally included fraud or breakdown in the court's operations; however, negligence on behalf of a petitioner or counsel cannot justify a grant of *nunc pro tunc* appellate rights. *Stanton*, 623 A.2d at 926. Furthermore, a petitioner "must proceed with reasonable diligence once he knows of the necessity to take action." *Id.* at 927.

---

(2) If the General Counsel or the General Counsel's designee has determined initially that the defendant's conduct was a bad faith exercise of his authority, malicious or outside the scope of his employment, and the defendant ultimately prevails in the civil action, the General Counsel, in his sole discretion, may determine that the Commonwealth will reimburse the defendant for the costs of defense and fees of his private attorney.

12

Moreover, we note that the "mailbox rule creates a rebuttable presumption that an item which is properly mailed will be received; the presumption cannot be nullified by only an assertion that the item was not received. Notably, this Court has stated that evidence of actual mailing is not required." *C.E. v. Department of Public Welfare*, 97 A.3d 828, 832 (Pa. Cmwlth. 2014) (internal citations and quotation marks omitted) (citing *Department of Transportation v. Brayman Construction Corp.*, 513 A.2d 562, 566 (Pa. Cmwlth. 1986)).

Here, the Parties stipulated that:

On November 15, 2016, Michael Ferguson claims he sent a letter to Kelly, which included a copy of Chief Counsel Lehman's certified letter dated September 28, 2016[, which notified him of the decision to withdraw and the 10-day appeal period]. *Michael Ferguson sent the letter to Kelly at the Lardner Street address*. Michael Ferguson and Andrew Lehman claim that the United States Postal Office did not return the letter.

(Adjudication and Order at 4) (emphasis added). Notably, Kelly argues that the letter was not received since it was sent to his former address, but he does not contend that the letter was not sent. Accordingly, under the mailbox rule, there is a presumption that the letter was received by Kelly, which was not rebutted by his mere assertion that he did not receive it. As such, Kelly had constructive notice of OGC's decision to withdraw as counsel and of the 10-day appeal period in November 2016. Kelly did not appeal the decision or reach out to Mr. Ferguson or OGC, but instead wrote to Mr. Tartack inquiring about representation on November 27, 2016.

Additionally, Kelly conceded that he "received notice on or about January 17, 2017, that he was no longer represented by the Commonwealth regarding Thomas Flagg's pending petition in the Commonwealth Court." (Adjudicator's Finding of Fact No. 2(n).) As such, it is clear that, at the latest, by January 17, 2017, Kelly had actual

13

notice of OGC's decision. Thus, Kelly had 10 days forward, until January 27, 2017, to appeal the decision. Having failed to do so until February 2, 2017, Kelly's appeal was untimely, thereby divesting the Adjudicator of jurisdiction to consider the merits of whether Kelly was entitled to Commonwealth representation. *See Commonwealth v. Yorktowne Paper Mills, Inc.*, 214 A.2d 203, 205 (Pa. 1965).

We reject Kelly's argument that the decision to cease representation of an employee is different from one disapproving a request for representation. Kelly argues that, because PSSHE had already entered an appearance on Kelly's behalf, some additional type of notice was required when OGC decided to cease representation, and that, because a withdrawal of representation is different from a decision not to engage in representation from the start, the 10-day appeal period did not apply to Kelly until he discovered that the Commonwealth was not going to supply him with alternative counsel. This, Kelly argues, only occurred on January 24, 2017, when Mr. Lehman sent a letter to Kelly in response to his request that Ms. Fluck provide him with representation, reiterating that the Commonwealth had already declined to represent him and attaching the letter from September 28, 2016. Kelly, however, cites no authority for the proposition that OGC's decision to deny counsel was not effective until this Court granted leave for withdrawal. As OGC notes in its brief,

> The standard under which the Commonwealth will provide representation and indemnification under 4 Pa. Code § 39.3 is different than the standard used by a court in determining whether to grant an attorney leave to withdrawal as counsel pursuant to Pa.R.C.P. [No.] 1012 . . . . Both actions follow separate and distinct tracts that do not intersect.

(OGC's brief at 18.) Moreover, Kelly does not explain how the ineffectiveness of OGC's withdrawal until the grant of court approval would have had the effect of extending his time to appeal to February 2, 2017, given his acknowledgement of having

14

received the Court's order granting leave to withdraw in his November 27, 2016 letter to Mr. Tartack.

Kelly's assertion that he was unaware of whether he would be receiving substitute counsel does not bolster his argument. The initial letter from Mr. Lehman offering representation in the matter specifically stated, "If new factual information comes to our attention, we reserve the right to reconsider our offer of legal representation and indemnification and to withdraw our offer of representation and/or indemnification." (R.R. at 144a.) Thus, Kelly must have had some idea that this was a possibility. In Kelly's November 27, 2016 letter to Mr. Tartack seeking representation from the union, he states, "It has been brought to my attention that Michael S. Ferguson, [PSSHE's] Legal Counsel, *has withdrawn as my counsel*." (R.R. at 156a) (emphasis added). If Kelly was unsure of whether he was going to be provided alternative counsel, Kelly might have easily resolved the question by reaching out to Mr. Ferguson, per their "established pattern of communicating by phone and email." (Kelly's brief at 21.) Instead, as the Adjudicator noted, Kelly chose to seek out representation through other means, namely through his union and PSSHE, instead of seeking an appeal. Although it does not appear that Kelly has specifically requested *nunc pro tunc* relief, his actions after having received notice foreclose that option since he failed to act with the reasonable diligence required by one seeking a *nunc pro tunc* appeal. *See Stanton*, 623 A.2d at 926.

Finally, to the extent that Kelly asserts he was entitled to an evidentiary hearing on the merits, we have previously held that "a hearing is not required in every case." *Irizarry v. Office of General Counsel*, 934 A.2d 143, 149 (Pa. Cmwlth. 2007).

> This Court has held that where no factual issues are in dispute, no evidentiary hearing is required under 2 Pa.C.S. §

504.[8]  Where there are no disputed facts, the motion proceedings, including briefs and arguments by both parties, provide ample opportunity for the parties to be heard and the Administrative Agency Law requires no more.

*Id.* (internal citations omitted) (quoting *Independence Blue Cross v. Pennsylvania Insurance Department*, 802 A.2d 715, 720 (Pa. Cmwlth. 2002)).

Here, the Adjudicator reached his determination by relying entirely upon the Parties' stipulations, and accordingly there were no facts in dispute with regard to the preliminary question of whether Kelly's appeal was timely. Although there may have been factual disputes as to the merits, specifically, whether Kelly's conduct was within the scope of his employment, the Adjudicator correctly determined he was without jurisdiction to consider the merits given the untimely appeal. *See Yorktowne Paper Mills, Inc.*

## Conclusion

In sum, the Adjudicator properly noted that, per the Parties' stipulations, Kelly was aware of the Commonwealth's decision to withdraw representation as of November 27, 2016, and conceded he had knowledge as of January 17, 2017. By either measure, Kelly failed to file an appeal within 10 days and, as such, the Adjudicator properly determined that his appeal was untimely. Moreover, the Adjudicator properly declined to grant a *nunc pro tunc* appeal because of Kelly's clear failure to act with reasonable diligence once he, by his own admission in his November 27, 2016 letter, became aware that his attorney had withdrawn from representation.

Accordingly, OGC's order dismissing Kelly's appeal as untimely is affirmed.

---

[8] Section 504 of the Administrative Agency Law provides: "No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings." 2 Pa.C.S. §504.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Kelly,                 :
            Petitioner         :
                             :   No.  842 C.D. 2017
           v.                   :
                             :
Office of General Counsel,      :
           Respondent     :
                             :

## ***ORDER***

AND NOW, this 29th day of November, 2017, the June 6, 2017 order of the Governor's Office of General Counsel is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge