Association of Pennsylvania State : 
College and University Faculties, : 
      Petitioner : 
     : 
     v. : 
     : 
Pennsylvania State System of Higher : 
Education, Cheyney University, : 
Clarion University, Lock Haven : 
University, Mansfield University, : 
Millersville University and : 
Slippery Rock University, :  No. 575 M.D. 2017
     Respondents :  Argued: September 14, 2018


BEFORE: HONORABLE P. KEVIN BROBSON, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE DAN PELLEGRINI, Senior Judge (P.)

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY       FILED: October 12, 2018

    Before this Court in its original jurisdiction are preliminary objections filed by the Pennsylvania State System of Higher Education (State System), Cheyney University, and five other state-owned State System Universities - Clarion University, Lock Haven University, Mansfield University, Millersville University and Slippery Rock University (Universities) (collectively, Respondents) to the Association of Pennsylvania State College and University Faculties' (Association) Petition for Review in the Nature of an Action for Declaratory Relief (Petition).

    On December 7, 2017, the Association filed the Petition, alleging therein that Cheyney University engaged in a search for a new university president that ultimately resulted in a presidential appointment. According to the Association, prior to recommending the candidate to the State System's Chancellor for submission to

the State System's Board of Governors (Board), the Cheyney University Council of Trustees (Council) did not consult with students, faculty and alumni, as required by the State System of Higher Education Act[1] (Act 188).

The Association specifically averred that, on or before August 23, 2017, the Council created a presidential search committee (Committee) to find and recommend a candidate for Cheyney University president. The Association further alleged that the Committee met on August 29, 2017 to discuss the search process and, on September 19, 2017, to consider the selection of a search firm to assist the Committee. The Association asserted that, at the September 19, 2017 meeting, the Committee chairman announced that a future meeting would be held to obtain guidance from the Cheyney University community on favorable candidate qualities. The Association claims that no such meeting was scheduled and, on October 16, 2017, the Council took official action by recommending a presidential candidate to the Board and disbanding the Committee, and that no faculty consultation occurred. Thus, the Association maintains that Cheyney University and the Council violated Act 188.

The Association also contends that the Board violated Act 188 when, at a November 13, 2017 meeting, it approved the Council's recommendation made without faculty consultation. The Association further avers that the five other Universities are currently conducting presidential searches, and it is concerned that the Universities will similarly fail to consult with faculty before recommending presidential candidates. Based on these allegations, the Association asks this Court to declare that Act 188 requires a State System university's council of trustees to consult with the university's faculty before recommending a presidential candidate, and that

---

[1] Created by Section 2002-A of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, added by Section 2 of the Act of November 12, 1982, P.L. 660, 24 P.S. §§ 20-2001-A to 20-2017-A.

Cheyney University and the Board violated Act 188 by recommending and appointing a president without prior consultation with Cheyney University's faculty.

On January 30, 2018, Respondents filed twelve preliminary objections to the Petition (Preliminary Objections). In Preliminary Objection I, Respondents allege that the Petition fails to conform to Pennsylvania Rules of Civil Procedure Nos. (Rule) 1019(a) (concisely stating claims sufficient to permit a respondent to prepare a defense) and 1020(a) (requiring that each cause of action be stated in a separate count containing a demand for relief). Respondents assert in Preliminary Objection II that the Petition must be dismissed for a lack of specificity with respect to the allegations against all Respondents. In Preliminary Objections III through VII, Respondents aver that the Petition lacks specificity, with the identical Preliminary Objection pertaining to each of the Universities. Similarly, in Preliminary Objections VIII through XII, Respondents allege relative to each of the Universities that the pleadings are legally insufficient and that the Petition fails to state a declaratory relief claim. On February 8, 2018, the Association answered Respondents' Preliminary Objections. Thereafter, on March 12 and April 5, 2018, the parties filed briefs supporting and opposing the Preliminary Objections, respectively.[2]

The State System consists of fourteen state-owned universities which include Cheyney University and the Universities. Section 2009-A(1) of Act 188 describes university councils of trustees' duties and powers, which include the

---

[2]    In reviewing preliminary objections, all material facts averred in the complaint, and all reasonable inferences that can be drawn from them, are admitted as true. However, a court need not accept as true conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion. 'Preliminary objections should be sustained only in cases that are clear and free from doubt.' *P[a.] AFL-CIO v. Commonwealth*, . . . 757 A.2d 917, 920 ([Pa.] 2000).

*Seitel Data, Ltd. v. Ctr. Twp.*, 92 A.3d 851, 859 (Pa. Cmwlth. 2014) (citations omitted).

authority "[t]o make recommendations to the chancellor for the appointment, retention or dismissal of the president **following consultation with students, faculty and alumni.**" 24 P.S. § 20-2009-A(1) (emphasis added). Section 2005-A of Act 188 describes the Chancellor as the State System's chief executive officer and grants him various duties, including:

> [A]ssist[ing] the [B]oard in its appointment of the presidents for the constituent institutions by **submitting to the [B]oard the name or names of individuals recommended by the council of trustees of the appropriate constituent institution** *who shall involve students, faculty and alumni in the interview and selection process used to formulate their* [sic] *recommendation.* The chancellor shall submit to the [B]oard the recommended salary and other proposed terms of each such appointment. The [B]oard shall have the right to refuse the recommendation of the local council and to request that additional recommendations be submitted by the council.

24 P.S. § 20-2005-A(4) (bold and italic emphasis added). Pursuant to Section 2006-A(a)(2) of Act 188, it is also the Board's duty

> [t]o appoint from the list submitted by the [C]hancellor, pursuant to [S]ection 2005-A(4) [of Act 188], presidents of the constituent institutions to serve at the [B]oard's pleasure under fixed terms or contracts of fixed duration, to fix the salaries and other terms of appointment of each president and prior to renewal of such term or contract consider the results of the evaluation of each president's service submitted by the [C]hancellor.

24 P.S. § 20-2006-A(a)(2).


### I. Preliminary Objection I: Failure to Conform to Rule of Court

In Preliminary Objection I, Respondents contend that the Petition should be dismissed for failure to conform to the Court rules. Specifically, Respondents assert that the Petition does not comply with Rule 1019(a) which provides: "The

4

material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. No. 1019(a). Further, Respondents claim that the Petition does not conform to Rule 1020(a) which states: "The plaintiff may state in the complaint more than one cause of action cognizable in a civil action against the same defendant. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief." Pa.R.C.P. No. 1020(a). According to Respondents, "[u]nder Rule 1020(a), where the factual background underlying each [R]espondent's liability is different, each cause of action against each [R]espondent must be stated in a separate count containing a demand for relief." Respondents' Br. at 2. Respondents describe the Petition as follows:

> The Petition includes **a single count asserting different causes of action against numerous parties for conduct undefined as to each party named.** The Petition fails to inform each Respondent of the specific conduct that is actionable as to each Respondent. Further, the demand for Relief does not differentiate between Respondents nor specifically identify what specific Relief is sought from each Respondent.
>
> The Petition raises allegations of different causes of actions, including an alleged violation of the Sunshine Act, 65 Pa.C.S. [§§] 701[-716], alleged violations of Act 188, . . . and hypothetical allegations of future undefined violations. **The Petition does not specify which Respondent or Respondents violated the Sunshine Act, nor separate**[s] **such allegations in a separate cause of action.** The Petition does not specify how each Respondent allegedly violated Act 188, nor separate[s] the distinct violations into separate causes of action against a specific Respondent or Respondents. **The Petition alleges potential future violations, but does not specify whether [they are] of the Sunshine Act, or Act 188, nor which specific facts support such hypothetical future violations against which Respondents.**

Respondents' Br. at 2-3 (emphasis added).

Importantly,

5

[t]he pleading requirements for a petition for review addressed to this Court's original jurisdiction are set forth in Rule 1513(e) of the Pennsylvania Rules of Appellate Procedure [(Pa.R.A.P.)]. One requirement is that the petition plead 'a general statement of the material facts *upon which the cause of action is based*.' Pa.[]R.A.P. 1513(e) (emphasis added). In addition, Rule 1517 of the Pennsylvania Rules of Appellate Procedure provides that, '[u]nless otherwise prescribed by these rules, the practice and procedure under this chapter relating to pleadings in original jurisdiction petition for review practice shall be in accordance with appropriate Pennsylvania Rules of Civil [P]rocedure, so far as they may be applied.' On these appellate rules, this Court has opined:

> Our original jurisdiction provides for a cause of action cognizable at common law in the nature of . . . **declaratory judgment** . . . , and be commenced by filing a petition for review rather than a complaint. Accordingly, the petition for review, in our original jurisdiction, is a fact[-]pleading document and detailed factual allegations will generally be required to describe adequately the challenged action.
>
> Unless otherwise proscribed in Chapter 15 of the Pennsylvania Rules of Appellate Procedure, Pa.[]R.A.P. 106 and 1517 incorporate the rules of civil procedure in matters brought before us within [our] original jurisdiction insofar as they may be applied. *The pleader must define the issues, and every act or performance essential to that act must be set forth in the complaint*.
>
> *Machipongo Land & Coal Co. v. . . . Dep't of Envtl. Res.*, 624 A.2d 742, 746 (Pa. Cmwlth. 1993) (citations omitted) (emphasis added), *rev'd on other grounds*, . . . 648 A.2d 767 ([Pa.] 1994).

*Commonwealth v. Locust Twp.*, 49 A.3d 502, 507 (Pa. Cmwlth. 2012) (bold emphasis added). "This Court has defined 'cause of action' as 'the facts which establish or give rise to a right of action, the existence of which upholds a party's right to judicial

6

relief.'" *Banic v. Workmen's Comp. Appeal Bd. (Trans-Bridge Lines)*, 664 A.2d 1081, 1085 (Pa. Cmwlth. 1995), *aff'd,* 705 A.2d 432 (Pa. 1997) (quoting *Saft v. Upper Dublin Twp.*, 636 A.2d 284, 286 (Pa. Cmwlth. 1993)).

A review of the Petition reveals that Respondents mischaracterize the Petition. The Association has alleged one cause of action - the disregard of a statutory mandate by the State System, Cheyney University, and the Universities. In its Petition, the Association clearly and concisely sets out a claim for declaratory relief against Cheyney University and the State System based on the conduct of Cheyney University and its Council, and the State System, its Chancellor and the State System's Board. Moreover, the Association alleges detailed facts in the Petition describing the process used in the selection and appointment of Cheyney University's new president and Respondents' alleged failure to consult with faculty. Thus, the alleged challenged conduct is unambiguous: Council's failure to consult with faculty in recommending a president, and the Board's appointment of the new president in the absence of such consultation. Finally, the relief sought is clear, a declaration from this Court that: (1) Act 188 requires faculty consultation in a university president's selection; (2) Cheyney University and the Council violated Act 188 by recommending the president's appointment without consulting faculty; and (3) the Board violated Act 188 by appointing a president based on a recommendation made without such consultation.[3]

---

[3] Notwithstanding, Rule 126 states:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. **The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.**

Pa. R.C.P. No. 126 (emphasis added).

7

Contrary to Respondents' contention, even a cursory reading of the Petition demonstrates that the Association does not therein assert a claim or seek relief for Sunshine Act violations. Although the Association stated in the Petition that "[the Council] is an agency under Section 703 of the Sunshine Act,[4]" and that "no public notice of the October 16, 2017 meeting was given as required under the Sunshine Act, . . . at which [the Council] took formal actions of recommending a candidate for president and disbanding the search committee[,]" it is exceedingly clear that the Association asserts no claim for a Sunshine Act violation. Petition at 5, ¶ 15(b); 8, ¶ 23. Instead, the Association mentions the lack of Sunshine Act notice to support its assertion that faculty was not afforded the opportunity to provide input on the Council's recommendation. There is no request for relief pertaining to the Sunshine Act, and Respondents' feigned confusion is disingenuous at best. Given that there is one cause of action asserted in the instant matter, and the Association's Petition complies with Rules 1019(a) and 1020(a), this Court overrules Preliminary Objection I.

## II. Preliminary Objection II: Insufficient Specificity in a Pleading as to All Respondents

In Preliminary Objection II, Respondents contend that the Petition does not include sufficient specificity to inform each Respondent of the challenged conduct or the causes of action and demands for relief against it.

As addressed *supra*, the Petition provided sufficient specificity with respect to the State System's and Cheyney University's alleged improper conduct. The Association averred in the Petition that it is seeking declaratory judgment. *See* Petition at 4, ¶ 12. The Association therein referenced Act 188's faculty consultation requirement. *See* Petition at 5, ¶ 15. The Association also described Cheyney

---

[4] 65 Pa.C.S. § 703 (defining "agency").

8

University's alleged actions in its search for a new president including: the search committee creation; occurrences at an August 29, 2017 search committee meeting; occurrences at a September 19, 2017 search committee meeting, including the search committee chairman's notification that the search committee would hold a future meeting open to Cheyney University's community members (including faculty) to obtain information on favorable attributes for a presidential candidate; and the Council's official October 16, 2017 action in disbanding the search committee and recommending a presidential candidate to the Board despite that "the search committee had received no names of candidates, . . . had interviewed no one, and had held no meetings other than [the August 29, 2017 and September 19, 2017 procedural meetings.]" Petition at 7, ¶ 22. The Association further claimed that the Council did not consult with students, faculty and alumni as required by Act 188 before recommending its candidate to the Board. *See* Petition at 8, ¶ 25. Additionally, the Association averred that, at the November 13, 2017 Board meeting, despite being informed that the Council did not consult with students, faculty and alumni, the Board appointed the presidential candidate recommended by the Council. *See* Petition at 9, ¶¶ 27-29. Accordingly, this Court finds that the Petition is sufficiently specific with respect to the State System and Cheyney University, and overrules Preliminary Objection II with respect to those parties.

In contrast, the Association's only factual allegations in its Petition referencing the Universities are contained in paragraphs 5, 31 and 32, as follows:

> 5. [The Universities] are the five of the 14 state-owned State System universities under Act 188 . . . that are currently engaged in conducting searches for new presidents.

Petition at 3, ¶ 5.

> 31. [The Association] expects that the illegal action by [the Council], and endorsed by the [Board], will be repeated at

9

those [Universities] currently undergoing presidential searches.

32. A declaration by this Court of the faculty members' legal right to be consulted is necessary so that faculty at [the Universities], which are currently conducting presidential searches, are afforded their legal rights under Act 188.

Petition at 10, ¶¶ 31-32. The Petition contains no factual allegations describing any improper actions taken by the Universities. Indeed, the only facts averred pertaining to the five Universities is that they are conducting presidential searches and that the Association believes the Universities will similarly violate Act 188. "[A] complaint must set forth **material facts which establish** a cause of action and which enable the defendant to know the nature of [its] **alleged wrongdoing** so that [it] may prepare a defense." *Gen. State Auth. v. Lawrie & Green*, 356 A.2d 851, 856 (Pa. Cmwlth. 1976) (emphasis added); *see also Locust Twp.* This Court may not presume **in the absence of factual allegations alleging specific wrongdoing**, that five different universities conducting five different searches, with five different councils of trustees will engage in the same alleged conduct as Cheyney University. Accordingly, this Court sustains Preliminary Objection II with respect to the Universities and dismisses them from this action.[5]

---

[5] Having sustained Preliminary Objection II with respect to the Universities and dismissed them from the action, this Court need not address Respondents' remaining Preliminary Objections which apply only to the Universities. Notwithstanding, with respect to Preliminary Objections VIII through XII, this Court notes that, as a matter of law, the mere expectation that a future event may occur is not sufficient to afford declaratory relief. In *Public Advocate v. Brunwasser*, 22 A.3d 261 (Pa. Cmwlth. 2011), this Court explained:

The purpose of the Declaratory Judgments Act[, 42 Pa.C.S. §§ 7531-7541,] 'is to settle and afford relief to any person from uncertainty and insecurity with respect to rights, status and legal relations affected by a statute.' *Chester Upland Sch. Dist. v. C*[*ommonwealth*], . . . 495 A.2d 981, 983 ([Pa. Cmwlth.] 1985). '[I]t is well settled that **declaratory judgments are not to be entered in anticipation of events that may never occur.'** *Yarmoski v. Lloyd*, . . . 531 A.2d 1169, 1171 ([Pa. Cmwlth.] 1987). **A plaintiff seeking relief in**

For all of the above reasons, Preliminary Objection I is overruled. Preliminary Objection II is overruled with respect to the State System and Cheyney University, but sustained as to the Universities. The Universities are hereby dismissed from this action. The remaining Preliminary Objections are dismissed as moot.


_____

ANNE E. COVEY, Judge

---

> **anticipation of events that may never occur, based upon a hypothetical future occurrence, has not yet been adversely affected by the alleged violations and declaratory judgment is not an appropriate remedy to determine rights in anticipation of events that may never occur.** *Indep*[.] *Blue Cross v. Pa. Ins. Dep't.*, 802 A.2d 715, 719 (Pa. Cmwlth. 2002). To bring an action, the plaintiff's interest 'must be a direct, substantial and present interest, **as contrasted with a remote or speculative interest.**' *Id.* To require otherwise would result in this Court issuing advisory opinions, which is beyond our jurisdiction to do. *Rendell v. Pa. State Ethics Comm'n.*, 938 A.2d 554, 559 (Pa. Cmwlth. 2007), *rev*[']*d . . . on other grounds*, . . .983 A.2d 708 ([Pa.] 2009).

*Pub. Advocate,* 22 A.3d at 270-71 (emphasis added). In the instant matter, the Association's allegations against the Universities involve speculation of events that may never occur. Declaratory judgment may not be entered against the Universities on that basis.

Notwithstanding, the Universities' dismissal from this action does not impair the Association's possible success on the merits. As a practical matter, if this Court ultimately grants declaratory judgment against the State System, the State System would be prohibited from appointing recommended presidential candidates for the Universities where councils of trustees had not consulted with students, faculty and alumni.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| Association of Pennsylvania State | : | |
| College and University Faculties, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania State System of Higher | : | |
| Education, Cheyney University, | : | |
| Clarion University, Lock Haven | : | |
| University, Mansfield University, | : | |
| Millersville University and | : | |
| Slippery Rock University, | : | No. 575 M.D. 2017 |
| Respondents | : | |

## O R D E R

AND NOW, this 12th day of October, 2018, the preliminary objections filed by the Pennsylvania State System of Higher Education (State System), Cheyney University, and five other state-owned State System Universities - Clarion University, Lock Haven University, Mansfield University, Millersville University and Slippery Rock University (Universities) to the Association of Pennsylvania State College and University Faculties' Petition for Review in the Nature of an Action for Declaratory Relief (Petition) are sustained in part and overruled in part as follows:

1. Preliminary Objection I is overruled.

2. Preliminary Objection II is sustained with respect to the Universities, and the Universities are dismissed from this action. Preliminary

Objection II is overruled with respect to the State System and Cheyney University.

3.        Preliminary Objections III through XII are dismissed as moot.

The State System and Cheyney University shall file an answer to the Petition within thirty (30) days from the date of this Order.


_____
ANNE E. COVEY, Judge