620 A.2d 81

**UNITED HEALTHCARE BENEFITS TRUST, United Association of Small Business, Inc., United Health Insurance Administrators, Inc., Hameed Ullah, Hameed Ullah d/b/a Small Business Insurance Services and Nonnie Maria Bryan, Petitioners,**

v.

**INSURANCE COMMISSIONER OF PENNSYLVANIA, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1992.

Decided Jan. 7, 1993.

550

Steven K. Ludwig, for petitioners.

Terrance A. Keating, Dept. Counsel, for respondent.

Before McGINLEY, PELLEGRINI and KELLEY, JJ.

PELLEGRINI, Judge.

United Healthcare Benefits Trust, United Association of Small Business, Inc., United Health Insurance Administrators, Hameed Ullah, Small Business Insurance Services, and Nonnie Maria Bryan appeal the grant of summary judgment to the Insurance Department by a final order of the Deputy Insurance Commissioner.

United Healthcare Benefits Trust (trust) is a foreign trust which is not a licensed insurer in Pennsylvania. United Association of Small Business, Inc. (UASB) is a corporation organized under the laws of the State of California whose members include small businesses employing fewer than 500 employees and who are eligible for health benefits coverage

for their employees under the trust. United Health Insurance Administrators (UHIA) administers the trust health benefits. Hameed Ullah and Nonnie Maria Bryan are individuals who are employed, respectively, by the Small Business Insurance Services and UHIA. None of the Petitioners (collectively referred to as "United") are licensed to transact the business of insurance in Pennsylvania.

The Insurance Commission (Commission) instituted a proceeding against United by issuing an Order to Show Cause on April 17, 1991.[1] The Commission alleged that the trust was doing the business of insurance within the Commonwealth of Pennsylvania without a license (i.e., a certificate of authority), and that the other defendants were acting as agents of the trust in the insurance business and were, therefore, in violation of Section 208 of the Insurance Department Act of 1921 (Insurance Act), 40 P.S. § 46.[2] The Commission alleged two instances of unlicensed insurance activity: (1) the sale of a health insurance package to G.D.S. Systems, including the collection of premiums to the trust and the payment of claims by UHIA, and, (2) the sale of a health insurance package to Martin's Auto Body. United filed a timely answer to the Order to Show Cause denying that they do insurance business within the Commonwealth and are covered by the Insurance Act.[3]

The Commission filed a Motion for Summary Judgment contending that the facts were undisputed that United was

1. An amended Order to Show Cause and an amended answer were subsequently filed.
2. Section 208 of The Insurance Act of 1921, Act of May 17, 1921, P.L. 789, *as amended*, 40 P.S. § 46(a), provides:
 No insurance company, association, or exchange of another state or foreign government shall do an insurance business within this Commonwealth without first having obtained a certificate of authority from the Insurance Commissioner authorizing such company, association or exchange to do such business.

 . . . . .
3. United also filed a Motion to Dismiss contending that the trust was organized under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (ERISA) and, therefore, United was preempted from state regulation. After the parties briefed the issue, the Hearing Officer denied the motion.

doing the business of insurance in the Commonwealth without a license. The Deputy Insurance Commissioner reviewed the motion after briefs were filed by the parties. The Deputy Commissioner granted the Motion for Summary Judgment, finding that no facts were in dispute. The Deputy Commissioner held that the trust was subject to the Department's regulation [4] and that it was acting as an unlicensed insurer in violation of Section 208. The Deputy Insurance Commissioner also found that UASB, UHIA, Small Business Insurance Services, Hameed Ullah and Nonnie Maria Bryan acted as agents for an unlicensed insurer in violation of Section 208 of the Insurance Act, and ordered that pursuant to Section 209 of the Insurance Act, 40 P.S. § 47, each of the Petitioners pay a civil penalty of $10,000 per instance of unlicensed activity, totaling $120,000.[5] United then filed this appeal.[6]

United presents three issues on appeal: (1) the Deputy Commissioner acted in violation of the Administrative Agency Law in granting summary judgment because an evidentiary hearing was not held, (2) the Deputy Commissioner lacked subject matter jurisdiction because the Insurance Act does not extend to foreign trusts, and, (3) the imposition of $120,000 in civil penalties was not supported by substantial evidence and was an abuse of discretion.

## I.

United first contends that it was not afforded a hearing as required by the Administrative Agency Law and the General

4. The Deputy Commissioner held that state regulation was proper because, even if United was an ERISA organization, it was excluded from ERISA preemption under 29 U.S.C. § 1144(b)(6)(A)(ii) as a not fully insured "multi-employer welfare arrangement." United did not appeal the issue of ERISA preemption.

5. The Deputy Commissioner's order also addressed United's duty to comply with the Insurance Act and required it to assure payment of claims against it. However, those aspects of the order are not at issue on appeal.

6. In reviewing a decision of the Insurance Commissioner, this court must determine whether constitutional rights were violated, an error of law was committed, or findings of fact are unsupported by substantial evidence. *Erie Insurance Exchange v. Foster*, 121 Pa.Commonwealth Ct. 500, 551 A.2d 3 (1988).

Rules of Administrative Practice and Procedure because summary judgment was granted before the hearing officer held an evidentiary hearing. They contend that Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504, requires an evidentiary hearing in that it provides that "no adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard."

 While 2 Pa.C.S. § 504 mandates that a party receive an opportunity to be heard, that opportunity does not require the equivalent of an evidentiary hearing. This court has held that where no factual issues are in dispute, no evidentiary hearing is required under 2 Pa.C.S. § 504. *Snyder v. Department of Environmental Resources,* 138 Pa.Commonwealth Ct. 534, 588 A.2d 1001 (1991), *petition for allowance of appeal granted,* 530 Pa. 635, 606 A.2d 904 (1992); *Massari v. Foster,* 131 Pa.Commonwealth Ct. 30, 569 A.2d 399 (1990); *Mellinger v. Department of Community Affairs,* 111 Pa.Commonwealth Ct. 377, 533 A.2d 1119 (1987). Where there are no disputed facts, the motion proceedings, including briefs and arguments by both parties, provide ample opportunity for the parties to be heard and the Administrative Agency Law requires no more.[7]

 Even if its right to a hearing under 2 Pa.C.S. § 504 was met, United contends that the matter could not be decided on summary judgment because the General Rules of Administrative Practice and Procedure provides in 1 Pa.Code § 35.180 [8] that a presiding officer is not authorized to rule

7. Similarly, the Special Procedure Rules in the Insurance Code provide only that "at the conclusion of an administrative hearing, ... the matter will be adjudicated by the Insurance Commissioner." 31 Pa. Code § 56.2. Such a provision does not require an evidentiary hearing, as United suggests, but only requires an opportunity to be heard, and mandates that the final determination must be made by the Commissioner as opposed to a hearing officer.

8. The General Rules provide in 1 Pa.Code § 35.180(a):
The presiding officer designated to preside at a hearing is authorized to rule upon any motion not formally acted upon by the agency head prior to the commencement of the hearing where immediate ruling is essential in order to proceed with the hearing, and upon any motion

upon any motion before the conclusion of the hearing where the ruling constitutes a final determination by the agency. While the General Rules prevent the entry of summary judgment before an evidentiary hearing by the presiding officer, it does not preclude such action by the agency head. *Snyder.* In this case, the Deputy Commissioner, acting on behalf of the Commissioner and not the presiding officer, reviewed and granted the Motion for Summary Judgment, finding no factual disputes and that the adjudication fully complied with procedural requirements.

## II.

■ United next contends that the Insurance Department lacks subject matter jurisdiction because it is a foreign trust that is not subject to Section 208 of the Insurance Act. United argues that Section 208 applies exclusively to an "insurance company, association, or exchange" which are defined terms in Section 101 of the Insurance Act, 40 P.S. § 21,[9] and because those defined terms do not include foreign trusts, the statute does not apply to it.

In Section 208, the legislature established that an organization transacting insurance within the Commonwealth must be licensed by the Insurance Department. The statute expressly applies to those foreign organizations "doing the business of insurance" within the Commonwealth and their agents. Sub-

> filed or made after the commencement of the hearing and prior to the submission or his proposed report in the proceedings, except that no motion made before or during a hearing, a ruling upon which would involve or constitute a final determination of the proceeding, shall be ruled upon by a presiding officer except as a part of his proposed report submitted after the conclusion of the hearing ... The agency head will rule upon all other motions and upon such motions as presiding officers may certify to the agency head for disposition.

9. Section 101 defines "company" as an incorporated insurance company licensed to insure under the laws of any state, district or foreign country. "Association" is defined as individuals or associations of individuals authorized to engage in the business of insurance in the Commonwealth on the Lloyd's plan. "Exchange" is defined as individuals, partnerships, corporations, authorized by the Commonwealth to exchange insurance contracts.

section b of Section 208 defines doing the business of insurance as:

> (1) the issuance or delivery of contracts of insurance to persons resident in this Commonwealth, or

> (2) the solicitation of applications for such contracts, or other negotiations preliminary to execution of such contracts, or

> (3) the collection of premiums, membership fees, assessments or other consideration for such contracts, or

> (4) the transaction of matters subsequent to execution of such contracts and arising out of them.

40 P.S. § 46(b).

United admittedly is not licensed to transact insurance in the Commonwealth. Without regard for licensing requirements, United solicited members of UASB with written information concerning health benefits, issued G.D.S. Systems and Martin's Auto Body health benefits insurance policies, collected membership fees and premiums, and paid claims under the policy. (R.R. 177a, 227a). These activities fall squarely within the activities defined as "doing the business of insurance." Consequently, the Deputy Commissioner did not err in concluding that United was doing the business of insurance in the Commonwealth in violation of Section 208.

United argues that even if it is doing the business of insurance within the Commonwealth, it is not subject to the jurisdiction of the Insurance Department because it was structured as a trust and is not an insurance company as defined in Section 101. United's argument ignores the interaction between the trust, UHIA, and UASB, which work in concert to solicit its members, contract for health insurance benefits, and administer those insurance benefits. As a group, the enterprise's actions are those of an insurance company which would fit within the definition in Section 101, regardless of the incorporation of the trust as a separate entity. In *Foster v. West Branch Administrators, Inc.,* 141 Pa.Commonwealth Ct.

381, 389, 597 A.2d 721, 725 (1991),[10] the court found that the petitioner was subject to the jurisdiction of the Insurance Department because they were illegally "doing an insurance business" without a license, even though the petitioner was a third-party administrator and was not incorporated as an insurance company. Similarly, because the Petitioners act in concert to function as an insurance company under the Insurance Act, the Deputy Commissioner correctly held that United was within the jurisdiction of the Department.

### III.

■ Finally, United contends that the Deputy Commissioner's findings were insufficient and the civil penalties based upon the findings were an abuse of discretion. Based on the two instances of policies being sold and administered by United to G.D.S. Control Systems and Martin's Auto Body, the Deputy Commissioner ordered that each Petitioner must pay $10,000 per instance, with the total for all Petitioners $120,000. This penalty was calculated pursuant to Section 209 [11] which provides for civil penalties of up to $10,000 per instance against companies and individuals acting as an agent, and states that a person will be deemed an agent if they

---

**10.** Although as a one-judge opinion *West Branch* is not binding precedent, we recognize the persuasive value of the opinion and we agree with the analysis of the jurisdiction of the Insurance Department.

**11.** Section 209 of the Insurance Act, 40 P.S. § 47, provides:

Any insurance company, association, or exchange doing an insurance business within this Commonwealth without a certificate of authority as required by this act shall be required to pay a civil penalty of not less than one thousand dollars ($1,000) nor more than ten thousand dollars ($10,000) for each offense, to be recovered on behalf of the Commonwealth.

Any person negotiating or soliciting any policy of insurance ... collecting or forwarding premiums or delivering policies for any company, association, or exchange to which a certificate of authority has not been granted shall be deemed to be an agent of the company, association or exchange, in any legal proceedings brought against it. Such person shall be required to pay a civil penalty of not less than one thousand dollars ($1,000) nor more than ten thousand dollars

negotiate or solicit a policy of insurance or collect premiums or deliver an insurance policy.

The Deputy Commissioner ordered the penalties against the individual Petitioners without any findings concerning the involvement of those individuals in the instances of unlicensed activity or how those individuals named [12] as soliciting in the Commonwealth were connected with the Petitioners. The findings of fact concerning the individuals were general and did not specifically link each individual to both instances of unlicensed insurance activity as an agent. Under these circumstances, the imposition of civil penalties against each individual Petitioner was an abuse of discretion and we remand to the Insurance Commission for findings on their actions sufficient to impose civil penalties under Section 209.

■ As to the other Petitioners, the findings as to the involvement of the organizations were supported by substantial evidence and were sufficient on which to base the penalties. The penalties imposed were within the ranges authorized in Section 209. Because the Insurance Commissioner has broad discretion to impose penalties, we cannot change the penalties where they fall within the established range. *McDermond v. Foster*, 127 Pa.Commonwealth Ct. 151, 561 A.2d 70 (1989).

Accordingly, we affirm the order of the Deputy Commissioner except that we vacate that portion of the order concerning civil penalties on the individual Petitioners and we remand for specific findings on which to base those civil penalties.

### ORDER

AND NOW, this 7th day of January, 1993, the order of the Deputy Insurance Commissioner is affirmed except that we

($10,000) for each offense to be recovered on behalf of the Commonwealth.

. . . . .

12. Charles Zimmerman and David Harmer were named in the findings of fact as the individuals who solicited G.D.S. Control Systems and Martin's Auto Body to purchase the health benefits. (F.F. # 11–16, Adjudication of the Deputy Commissioner, April 29, 1992).

vacate that portion of the order concerning civil penalties against individual Petitioners and we remand for specific findings on which to base those civil penalties.